HENDERSON v. LE DUKE.  (No. 2208.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 5, 1920. Rehearing Denied Feb. 19, 1920.)

1. EASEMENTS ⊙⟫30(2)—NOT EXTINGUISHED BY MERE NONUSER WITHOUT INTENT TO ABANDON.

Without the intention of abandonment the mere nonuser of an easement created by grant will not extinguish it.

2. EASEMENTS ⊙⟫30(2), 32 — EASEMENT BY GRANT NOT REQUIRING ROADWAY TO BE USED FOR PASSAGE OF VEHICLES NOT ABANDONED WHERE USED BY PEDESTRIANS AND NOT LOST BY ADVERSE POSSESSION.

Where a vendor of land in a deed agreed to "give a road 20 feet wide from the old Tyler road to the S. E. corner of the above tract sold to the said M.," and provided "said road sold to remain open permanently," but did not place any restrictions as to the use in a special way, or for a forfeiture, such easement could be devoted to pedestrians, and failure to use such road for passage of wagons was not an abandonment or extinguishment of the easement, and adverse possession could not be predicated thereupon.

Appeal from District Court, Gregg County; Chas. L. Brackfield, Judge.

Suit by Mrs. M. A. Le Duke against W. H. Henderson. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellee asked for a mandatory injunction against the appellant to remove a fence erected across a roadway leading to the farm of the appellee. The appellant pleaded the 5 and 10 year statutes of limitation and the abandonment by the appellee of the use of the roadway. There was a trial before the court, and judgment, as prayed for, in favor of the appellee. The court made the following findings of facts:

"I find that Mrs. A. S. Garrett conveyed to M. Le Duke the following tract of land, and that the following stipulations were in the deed: 'All that certain tract or parcel of land described as follows, to wit: A part of the H. McNutt survey in Gregg county, Texas, and beginning at the N. E. corner of T. M. Campbell's Duncan tract of land. Thence S. 5 degrees W. 795 vrs. to a stake, from which a small pine brs. S. 60 degrees W. 2.6 vrs. Thence N. 80 degrees E. 284 vrs. to a stake from which a sweet gum brs. E. 11.5 vrs. Thence N. 5 degrees E. 795 vrs. to a black jack tree for a corner. Thence N. 80 degrees W. 284 vrs. to the place of beginning, containing 40 acres of land. And it is hereby agreed and understood that I, the said Mrs. A. S. Garrett, agree to give a road 20 feet wide from the old Tyler road to the S. E. corner of the above tract sold to the said M. Le Duke, and a road 10 feet wide on the W. side of my land to the N. E. corner of the tract here sold to the said Le Duke. Said road to begin at the S. E. corner of the Tom Reid place on the N. side of the Tyler road in the N. E. corner of the city of Longview. And that the said M. Le Duke is to give a road 10 feet wide from the S. E. corner of his land above described on the E. side of same to the N. E. corner of the same. Said 10 feet given by him to said Le Duke and the 10 feet given by me, the said Mrs. A. S. Garrett, making a road 10 feet wide to the land owned by T. M. Campbell on the N. of the land here sold to Le Duke and owned by me, the said Mrs. A. S. Garrett. Said road sold to remain open permanently.' And that the said deed was dated the 14th day of March, 1894, and duly recorded on the 19th day of March, 1894, in Book M, pages 624, 625, of the Deed Records of Gregg county, Tex. That M. Le Duke, after receiving said deed, went into the possession and cultivation of said land, and opened a gate from said land leading directly through and into the said 20-foot strip of right of way, and that he continuously used the same without objection and uninterruptedly until the date of his death, which was about 12 years ago. That Mrs. M. A. Le Duke is the

⊙⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

surviving wife of M. Le Duke, and since the death of the said M. Le Duke has been looking after the renting, leasing, and cultivation of said tract of land hereinbefore described, and that she and her tenants and lessees have used said strip of land and roadway of 20 feet continuously since the date of the death of the said M. Le Duke. That in the use of said roadway subsequently to the destruction of a bridge across a branch on said right of way the same has not been used by the said Mrs. M. Le Duke or her tenants or lessees in traveling over it with a wagon, but that they have gone over the same with their horses, cows, and in walking and in carrying their plows to said land, without any objection from W. H. Henderson until about 2 years ago, when W. H. Henderson fenced up said roadway or right of way by closing the same at each end, and forbade the said Mrs. M. A. Le Duke and Mr. Schaffer, her tenant, who was cultivating the same at that time, going over said strip of land. I find that W. H. Henderson has a deed that by its description includes the 20 feet of right of way above described, and that the same, has been of record for more than 5 years, and that he has been paying taxes on said land for more than 5 years, and had same inclosed with gate as stated, and used same in connection with his other lands. I find that there was a gate on said road or right of way from Fourth street, and that there was a gate from the Le Duke property opening into said right of way right at the Le Duke land or farm tract, and that since the purchase by Henderson of said tract he never forbade their using the said roadway or going through said gates until 2 years ago. I find that W. H. Henderson is claiming under the said Mrs. A. S. Garrett the land in controversy; that is to say, that the said Mrs. A. S. Garrett is the common source of title, and that the said Henderson had constructive notice of the said M. Le Duke, or Mrs. M. A. Le Duke's claim to travel over said right of way, and that he never forbade their going over said land and premises until 2 years ago.

"I find that M. Le Duke in his lifetime opened up said right of way under the terms of the deed from Mrs. A. S. Garrett, requiring the same to be kept open, and that same has never been interfered with in the free travel and use thereof by M. Le Duke, Mrs. M. A. Le Duke, her tenants or lessees.

"I conclude as a matter of fact that, while the said Henderson had the land fenced, there was a gate at each end of said roadway, and that he never forbade the passage of the said Mrs. M. A. Le Duke, or her tenants or lessees, over said roadway until 2 years ago."

M. L. Cunningham, of Longview, for appellant.

Edwin Lacy, of Longview, for appellee.

LEVY, J. (after stating the facts as above). The first assignment of error is that the trial court's finding of fact as to the use of the roadway entitled the appellant to a judgment under limitation as pleaded of both the 5 and 10 year statutes. The proposition made is that—

"The use of the alleged roadway as a footpath only would not show an intention to claim a roadway, and would not be notice to the owner of the land that a roadway was claimed."

The finding of fact on which the assignment is based is:

"That in the use of said roadway subsequent to the destruction of a bridge across a branch on said right of way the same has not been used by the said Mrs. M. A. Le Duke or her tenants or lessees in traveling over it with a wagon, but that they have gone over the same with their horses, cows, and in walking and in carrying their plows to said land, without any objection from W. H. Henderson until about 2 years ago."

[1, 2] According to the court's findings Mrs. Garrett made a conveyance of land to appellee's husband, and in this conveyance agreed to "give a road 20 feet wide from the old Tyler road to the S. E. corner of the above tract sold to the said M. Le Duke," and provided, "Said road sold to remain open permanently." When the appellant purchased his tract of land from Mrs. Garrett he had notice of the easement or dedication burdening the tract. The easement being created by express grant, it would be extinguished or destroyed, either by operation of law or by abandonment. But it is a well-established rule that without the intention of abandonment existing the mere nonuser of an easement created by grant will not work an extinguishment of the easement. And in this case the court's findings show the very contrary of nonuser or abandonment by the appellee. And it does not appear, we conclude, that there has been such a change in the use of the easement, or such misuse, as in effect to renounce the easement itself so as to extinguish it by any adverse possession by the appellant. The grant gave "a road 20 feet wide," but did not place any restrictions as to use in a special way, and did not provide for a forfeiture or termination if the full "20 feet" was not used. It was an unlimited passing of an easement for what may be considered a proper and reasonable use according to the circumstances. Under the terms of the grant the easement could be devoted as well to pedestrians as to wagons, and not be a misuser or change of use such as would extinguish the easement. And there being no abandonment or extinguishment of the easement by the appellee, no adverse possession by the appellant could be predicated upon the facts. We carefully considered the remaining assignments, and have concluded that they do not authorize a reversal of the case by this court.

The judgment is affirmed.