SEASTRUNK v. WALKER et ux.

No. 2360.

Court of Civil Appeals of Texas. Waco.

Nov. 6, 1941.

Rehearing Denied Dec. 18, 1941.

W. L. Eason, of Waco, for appellant.
Barney A. Garrett, of Waco, for appellees.

HALE, Justice.

On December 31, 1936, appellees, R. J. Walker and wife, conveyed to appellant, R. L. Seastrunk, a plot of ground approximately 75 x 105 feet, described specifically by metes and bounds, the deed of conveyance reciting that such property is "now occupied by a filling station." The deed as recorded contained a clause, immediately following the description of the 75 x 105 feet, granting to appellant an easement on, over and across an additional plot of 50 x 50 feet adjoining the property conveyed, "for the use and benefit of said filling station so long as the land above described is used and occupied by such filling station, but on termination of said property above specifically described being used and occupied by such filling station, then and in that event this easement shall cease as to both parties, and shall be released by the grantee herein or his assigns." The consideration for such conveyance and grant was the sum of $1,900.

Appellees instituted this suit against appellant on February 27, 1940, alleging that the above easement clause had been inserted in the deed without their knowledge or consent after they had executed and delivered the same; that the filling station referred to in the deed had burned since the execution of said deed and that appellant had ceased to use and occupy said ground as a filling station, but had constructed another building upon said premises which was being used as a "dance hall where beer, wines and liquors are sold and where people congregate, drink and dance, making loud noises, etc.," thereby disturbing the peace of their home. They sought to have the easement clause stricken from the deed of conveyance, to remove the cloud thereby cast upon their title to the 50 x 50 feet, and to permanently enjoin appellant from interfering with their claimed right to construct a high board fence between the two plots of ground.

Upon the conclusion of the testimony appellees seasonably presented their motion for an instructed verdict, which was overruled. The case was submitted to a jury on three special issues, which were answered as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence, if any, that the paragraph in the deed in evidence with reference to the easement was placed in the deed after Mrs. Walker had signed and executed same? Answer: No.

"Special Issue No. 2: Do you find from a preponderance of the evidence, if any, that the easement use mentioned in said deed has been substantially changed? Answer: Yes.

"Special Issue No. 3: Do you find from a preponderance of the evidence, if any, that the defendant has abandoned the use of the easement for filling station purposes? Answer: No."

Each of the parties filed and presented their motions, respectively, for judgment in their favor on the verdict of the jury, and appellees also filed their motion for judgment non obstante veredicto. The court overruled appellant's motion, granted appellees' motions, and rendered judgment canceling the easement clause in said deed, removing the cloud thereby cast upon the title of appellees, and permanently enjoining appellant from interfering with the right of appellees to construct a fence around the 50 x 50 feet of ground. Hence this appeal.

## Opinion.

Appellant presents twenty-three assignments of error as grounds for a reversal of the judgment appealed from. Among these grounds, he contends that the trial court erred in rendering judgment for appellees. On the other hand appellees assert by counter-propositions to all of appellant's assignments that the judgment should be affirmed because, they say: (a) the easement clause in controversy is too indefinite and uncertain to confer any right on appellant; and (b) if not, then the undisputed evidence showed that the property conveyed was not being used and occupied by the filling station which was situated on said premises at the time of conveyance. If the contentions thus asserted by appellees are correct, then all of the errors assigned by appellant become immaterial; otherwise the judgment appealed from must be reversed.

The trial court necessarily held against these contentions of appellees when he overruled their motion for a peremptory instruction. While appellees filed a motion for judgment non obstante veredicto, subject to the action of the court on their motion for judgment on the verdict, there is no showing in the record that the requirements of Article 2211 of Vernon's Civil Statutes as to service of the motion under said article were complied with. Therefore the trial court did not have the power to render judgment for appellees non obstante veredicto. Citizens State Bank of Houston v. Giles, Tex.Civ.App., 145 S.W.2d 899, point 1, and cases there cited.

Furthermore, the easement clause, if inserted in the deed of conveyance before the same was executed by the grantors, was unquestionably intended by the parties to mean something. The fact that such clause might have been vague, indefinite or uncertain and thereby susceptible of a reasonable construction as to its true intent and meaning, would not in and of itself authorize the court to completely ignore the valuable right thereby granted or to strike the same from the deed. We think the clause was sufficiently definite to effectively convey to appellant such rights as it was reasonably intended by the parties to thereby grant. F. J. Harrison & Co. v. Boring & Kennard, 44 Tex. 255; Magnolia Petroleum Co. v. Caswell, Tex.Com.App., 1 S.W. 2d 597; Texas & P. R. Co. v. Chandler, Tex.Civ.App., 20 S.W.2d 380, error refused;

Duggan v. Buckner, 155 S.W.2d 661, decided by this court on October 2, 1941.

The 50 x 50 feet of ground was unfenced and had no improvements on it at the time when appellant purchased his property. The evidence was conflicting on the issue as to whether the deed contained the easement clause at the time when Mrs. Walker signed and acknowledged the same. There was testimony tending to show that immediately after the filling station which was situated on the 75 x 105 feet had burned appellant constructed another building on said premises and leased the same to tenants for the purpose of using the lower front part as a filling station, and that appellant's tenant was using a part of the leased premises as a filling station at the time of the trial. We think the evidence was sufficient to tender issue No. 3 and that the answer of the jury to such issue is inconsistent with any implied finding by the trial court that the property conveyed was not being used for the purposes intended in the easement clause.

Since we are of the opinion that appellees were not entitled to judgment non obstante veredicto, or on the verdict of the jury, it follows that the judgment must be reversed and the cause remanded.

In view of the necessity for another trial, we deem it advisable to note briefly some of appellant's additional assignments. It is asserted that special issue No. 2 was immaterial and its submission erroneous because (1) the issue was not raised by the pleadings, (2) the tenant now using the property was not a party to this suit, (3) the words "substantially changed" were not defined, and (4) even though there was a substantial change in the use of the easement granted, such change would not entitle appellees to a cancellation of the grant. If upon another trial appellees wish to rely upon a substantial change in the use of the easement granted as a ground of relief, a proper basis should be laid in an amended petition for the submission of appropriate issues as to the use which it is claimed the parties intended to grant, and the use which it is claimed is being now made of the premises, and upon favorable findings to such issues appellees would then be entitled, not to a cancellation of the easement clause, but only to have any improper or unauthorized use enjoined. 28 C.J.S., Easements, § 62. We do not mean to say that appellees would not be entitled to a cancellation of the easement clause if the jury should find on proper pleadings and evidence that such clause was placed in the deed after Mr. or Mrs. Walker had signed and acknowledged the same, or if the jury should find that appellant has abandoned the use which the parties intended to grant by such clause.

For the reasons discussed, the judgment of the trial court is reversed and the cause is remanded for another trial.