BROWN COUNTY WATER IMPROVE-
MENT DIST. NO. I v. McINTOSH
et al.

No. 2261.

Court of Civil Appeals of Texas. Eastland.
July 10, 1942.

Rehearing Denied Sept. 25, 1942.

724

McCartney, Darroch & McCartney, of Brownwood, for appellant.

E. J. Miller, of Brownwood, for appellees.

FUNDERBURK, Justice.

E. J. Miller and J. A. McIntosh—the former as grantor, and the latter grantee of lots 1, 2, 3, and 4, Block 1 Southmore Terrace in the city of Brownwood, Texas —brought this suit against Brown County Water Improvement District No. 1, to cancel and remove as clouds upon plaintiffs' title to said land, tax assessments for the years 1930 to 1940, inclusive, on the ground that each and all such assessments, as to the valuations of the property, was "unfair, unjust, arbitrary, unreasonable, confiscatory, and void"; but constituted "prima facie liens and charges upon the title to said property", rendering "said lots and block of land unsaleable" etc.

More specifically, it was, in effect, alleged that for said years said lots were assessed only on the roll of unrendered property and at a valuation of $2,000 for the year 1930; and $1,500 for each of the other years; but that, at all material times, the lots were of the actual market value of not exceeding $600; and that the valuation at which they were assessed "was placed there without investigation or knowledge of the fair market value thereof; and that by reason of the provisions of the Constitution of the State of Texas, Art. 8, secs. 1 and 20, Vernon's Ann.St., and the statutes of the State of Texas in such cases made and provided said assessments and levies [sic] of taxes by the defendant against said lots and block of land for each of said * * * years is void and of no force and effect."

In a nonjury trial, the court gave judgment for plaintiffs, from which the defendant has appealed.

The briefs indicate attempted compliance with the "Texas Rules of Civil Procedure." Appellant's brief, conforming to part of Rule 418, sets out the "points upon which the appeal is predicated, * * * so con-

cisely stated that they may [and do] appear, separately numbered, on a single page of the brief." Such brief contains no brief of the argument, as provided in said Rule 418, or at least no subject heading so denominated. Under the heading of "Citation of Authorities and Discussion", appears what may have been intended as a "brief of the argument", relating to all the points, but if so, there is absent "a fair, condensed statement of the facts pertinent to such points, with references to the pages in the record where the same may be found." The Rule provides that the "brief of the argument" shall be one "presenting separately or grouped, if germane, the points relied upon for reversal, [same] to include (i) a fair, condensed statement of the facts pertinent to such points, with references to the pages in the record where the same may be found."

■ Five points are listed, of which it may be that Points 1, 2, and 3 are sufficiently germane to each other that a single statement for all would suffice; but certainly we think neither Point 4 nor Point 5 is germane to any other; hence, the "brief of the argument", if any, however designated relating as it does to all points, does not comply with said Rule. As to points not germane and therefore not subject to grouping, the Rule provides that the brief of the argument shall present the several points separately, including the required statement. A single statement for more than one point, not germane each to all, is not a compliance with the Rule.

Whether as provided in Rule 422 this be a "flagrant violation of the rules" so as to authorize us, or make it our duty, to "require the case to be rebriefed" may itself be a debatable question, discussion of which for reasons which presently appear we here pretermit.

■ It appears that each of appellant's five points may be answered categorically without reference "to the Citation of Authorities and Discussion" and without the necessity for any statement applicable to each, or to a group of germane points.[1]

<hr>

[1] Under former laws governing civil practice and procedure assignments of error performed important functions. Indicative of such importance was the holding that the inclusion in briefs of assignments of error was jurisdictional, in that they constituted limitations upon the power of the appellate court to review any errors other than fundamental errors. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844. In Panhandle & S. F. Ry. Co. v. Burt, Tex.Civ.App., 71 S.W.2d 390, 392, we had occasion to state as conclusions from the numerous authorities cit-

Appellant's Points Nos. 1, 2, and 3 are, in the order stated, as follows:

"The insufficiency of the pleading to show that the plaintiff is entitled to the relief prayed for, in that the petition fails to allege that there was any willful design or purpose of the defendant's boards of equalization to fraudulently over value the property in question.

"The insufficiency of the proof to show that there was any willful design and purpose on the part of the defendant's tax officers and boards of equalization to willfully and purposely and fraudulently over value the property in question for taxation during any of the years involved.

"Without allegations that the defendant's taxing officers and boards of equaliza-

ed that "the true function of an assignment of error is to segregate and identify a particular part of the entire proceedings in a case as to which it is proposed to contend in the appellate court that there was error", and that "The effect of the segregation and identification is to waive all errors, not fundamental, which may have occurred in any of the remaining part of the proceedings. * * * [That] assignments of error are not only the essential means of conferring jurisdiction upon the appellate court to review proceedings in the court below (except where fundamental errors appear), but they limit and mark the boundaries of that jurisdiction." The "Texas Rules of Civil Procedure" purport to make important changes in the law as it previously existed. Any distinction between fundamental errors and other errors with reference to the necessity for assignments of error, has apparently been abolished. Assignments of error have been abolished except in certain cases. Rules 374, 324. In the instant case, being one tried without a jury, assignments of error are unnecessary. Rule 374. (Therefore, the assignments of error set out in the back of appellant's brief can, so far as we see, serve no purpose.) A test of the sufficiency of assignments of error under the former practice was prescribed by statute to be as follows: " * * * an assignment shall be sufficient which directs the attention of the Court to the error complained of." Vernon's Ann.Civ.St. art. 1844. The same test is now prescribed by Rule 418 for the sufficiency of a point. The provision is "Such points will be sufficient if they direct the attention of the court to the error relied upon." Wagley v. Fambrough, Tex.Civ.App., 163 S.W.2d 1072.

Under the former practice the distinction, in function, between assignments of error and propositions was well stated in Clonts v. Johnson, supra [116 Tex. 489, 294 S.W. 846], as follows: "There is a substantial difference between an assignment of error and a proposition submitted thereunder. The one complains of some action of the court, and the other merely sets forth the reasons why such

action is erroneous. It takes the assignment to reach the ruling, and it is the ruling that is to be reviewed by the appellate court." The Texas Rules of Civil Procedure make no mention of, or provision for, propositions. Under the former practice, propositions and points were synonymous terms. Rule 30 (142 S.W. xiii); Wright v. Maddox, Tex.Civ. App., 286 S.W. 607; Texas Emp. Ins. Ass'n v. Teel, Tex.Civ.App., 40 S.W.2d 201; Sheppard v. City & County of Dallas Imp. Dist., Tex.Civ.App., 112 S.W.2d 253; Morrison v. Sewell, Tex.Civ.App., 4 S.W.2d 1029. Presumably, therefore, points as provided for in Texas Rules of Civil Procedure are intended to have the same characteristics and perform the same function as points or propositions under the former law, save as the rules themselves make provision otherwise. However, the provision of Rule 418, before mentioned, to the effect that a point shall be sufficient which directs the attention of the court to the error complained of does substantially and fundamentally change the function of a point or proposition as known to the former practice, in that it need not consist of any reason why the court in any particular ruling or action is claimed to have erred.

However, we think it must be the proper construction of the Texas Rules of Civil Procedure that "points" provided for in Rules 418, 421, 422, 424, 374, and perhaps others, must, as assignments of error formerly did, "segregate and identify a particular part of the entire proceedings as to which it is proposed to contend in the appellate court that there was error" and have the effect as formerly "to waive all errors * * * which may have occurred in any of the remaining part of the proceedings." Therefore, where, as here, the answers to the points appear from their very statement, it is believed to be immaterial that in the argument or citation of authorities, or statements from the record, there may appear a ground of error outside the subject matter of any of the points which if included in a point would show reversible error.

tion acted designedly and purposely and fraudulently in fixing the valuations complained of, any proof of over valuation of the property for taxes was immaterial and inadmissible."

■ To these points it may be answered that it was not necessary for the petition to show, or for the evidence to prove, that there was any willful design or purpose of the board of equalization fraudulently to overvalue the property in question; or that defendant's tax officers and board of equalization acted designedly, purposely or fraudulently in fixing the valuations they fixed. If, as contended by appellees, such taxing officers adopted an illegal plan or scheme of valuation calculated to result in a lack of equality or uniformity of taxation and which, as to the plaintiffs, in fact had such effect, then it was immaterial whether the taxing officers acted with willful design or purpose, or with conscious intention to assess plaintiffs' property at an excessive valuation. These points do not present any question of sufficiency of pleading or proof to show the adoption of any such scheme or plan of valuation; but, on the contrary, by their very statement exclude any such question. We are, therefore, not called upon to pass upon such question and only mention it because the "Citation of Authorities and Discussion", going beyond the subject matter of the points, do suggest that question. That willful design or purpose, or conscious fraudulent intent on the part of the taxing authorities is not an essential element of a cause of action for cancellation of tax assessments on the ground of discrimination is supported by the following authorities: Lively v. Missouri K. & T. Ry. Co., 102 Tex. 545, 559; 120 S.W. 852; Brown v. First Nat. Bank, Tex.Civ.App., 175 S.W. 1122; Hunt v. Throckmorton School Dist., Tex.Civ.App., 59 S.W.2d 470, 472.

Appellant's point No. 4 is as follows: "A direct suit to set aside tax levies and assessments is of an equitable nature, and in the nature of a suit to set aside a judgment, and an offer and tender to pay tax-es on valuations claimed to be correct is an offer to do equity, and the failure to make such tender is a failure to offer to do equity such as to preclude the right of recovery."

■ As to this point, it is deemed sufficient to point out that the plaintiffs' petition alleged that for each of the years in question the property was assessed on the unrendered rolls. If, as plaintiffs sought to show, the assessments were void, then no taxes were due on the property and it would logically follow that the plaintiffs, if otherwise entitled to cancel the assessments as casting a cloud upon title, are under no duty to offer or tender to pay taxes in any amount. It has been determined that a court is without power to assess property for taxation, and in the absence of assessments no taxes are due. State v. Richardson, 126 Tex. 11, 84 S.W.2d 1076.

Point 5 is as follows: "The four year statute of limitation applies to a direct suit to set aside levies and assessments of taxes, and if the relief is not sought until four years have expired from the time such taxes are levied and assessed, it is barred by limitation."

■ The answer of appellees is that the four year statute of limitation has no application to the case. Appellees' contention is that the assessments were void and the relief sought was to cancel them of record as clouds upon title. Point 5 does not present for decision any question of whether the assessments are void or only voidable and is, therefore, inconclusive, since if the assessments be void, the apparent liens constituting clouds upon plaintiffs' title to the land have been held to constitute continuing injuries so that a suit to remove cloud is not subject to statutes of limitation. Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032.

It being our conclusion that the several points relied upon by appellant are untenable, it follows that, in our opinion, the judgment should be affirmed, and it is accordingly so ordered.