**ALAMO EXPRESS, INC., Appellant,**

v.

**Homer WAFER, Appellee.**

No. 16027.

Court of Civil Appeals of Texas.

Fort Worth.

March 11, 1960.

Rehearing Denied April 8, 1960.

Butler, Binion, Rice & Cook and Quinnan H. Hodges, Houston, for appellant.

Hill, Brown, Kronzer & Abraham, Frank Abraham and W. James Kronzer, Houston, for appellee.

MASSEY, Chief Justice.

This is a suit for damages for personal injuries growing out of a truck-automobile collision in Harris County. Based upon a verdict of the jury, judgment was rendered for the plaintiff. The defendant appealed and is the appellant here.

Judgment affirmed.

We are of the opinion that appellant's first point of error must be overruled as not germane to any assignment of error in its motion for new trial. The provisions of Texas Rules of Civil Procedure, rule 418 read, in part, as follows: "The brief for appellant should contain in the order here stated: * * * (b) A statement of the points upon which the appeal is predi-

cated, \* \* \* *and germane to one or more assignments of error* when assignments are required. \* \* \*" (Emphasis supplied.)

Before the time for introduction of testimony the appellee made a motion *in limine* seeking to guard against the injection into evidence of certain information he believed would constitute inadmissible evidence prejudicial to his interests. As result of his motion the trial court entered its order, reading as follows: "\* \* \* the counsel for Defendant Defendant itself, or any of their witnesses, shall not refer directly or indirectly to the fact that the Plaintiff, Homer Wafer, was given and now has a sixty per cent disability rating, said rating given to him by the United States Government Veterans Administration, as a result of a service connected physical disability, without first approaching the bench out of the presence of the Jury to raise such matter."

The record is void of evidence that appellant objected to the aforesaid order of the trial court. No exception was taken because of the order unless such could be attributed to appellant's assignment of error, ground III of its motion for a new trial, reading as follows: "The Court erred in sustaining Plaintiff's Motion in Limine to prevent Defendant from introducing into evidence before the Jury that Plaintiff was, at the time of and before this trial, drawing from the United States Government a disability pension for sixty percent (60%) physical disability."

Appellant's first point of error reads as follows: "This case should be reversed or a remittitur should be granted because the trial court improperly excluded evidence that before and at time of trial Appellee applied for, was given and had a 60% disability rating by the U. S. Government Veterans' Administration as a result of a service-connected disability, improperly resulting in a jury verdict for damages in the excessive amount of $32,500.00, upon which the trial court improperly entered judgment for Appellee."

The point could only be considered, of course, as presenting the contention that reversible error was occasioned by reason of the trial court having "improperly excluded evidence" to the fact that the appellee had a 60% disability rating at time his case was on trial. It is true that appellant had made a tender of such evidence (by way of introducing it outside the presence of the jury, as for a bill of exceptions) and the trial court refused to admit it for the jury's consideration.

It was, of course, by way of and upon hearing of the appellant's motion for new trial that the trial court had an opportunity to correct any error shown to it, as to which it might conclude an erroneous judgment had resulted. Therein lies the occasion whereby any trial court has "the first full and fair opportunity" to correct any errors it may have committed. It is well settled that a trial court may not be deprived of the first opportunity to correct any injustice to a complainant pursuant to the trial in all instances where, as a predicate to an appeal, the filing of a motion for new trial is required by T.R.C.P. 324. Of course, in instances wherein it would be proper to assume that reversible error actually existed because of wrongful exclusion of testimony, application of the rule would always afford the trial court an opportunity to grant complainant a new trial. However, in any instance where such a complainant does not first present such ground in an assignment of error to the trial court in his motion for new trial, he cannot present them on appeal. In such an instance he is considered to have waived the error by not assigning it in his motion for new trial.

We do not consider the matter presented by appellant's first point of error germane to ground III of its motion for new trial and therefore hold that the point will not be considered here since error, if any, was

waived because the motion did not raise it as a question. While the trial court may be considered by us to have acted upon the matter presented by ground III, it could not be said that it ever made a determination as to whether it had erred in excluding appellant's proffered evidence upon the matter of appellee's disability rating, the matter not having been presented in the motion for new trial.

■ In its second point of error appellant founds complaint in the matter of appellee's alleged contributory negligence. Appellant was found by the jury to have been guilty of negligence which was a proximate cause of the collision, and by reason of which appellee's injuries were sustained, and no complaint is presented thereupon. Appellant points out, however, that it alleged affirmatively that the appellee was guilty of negligence which proximately caused the collision in question, in that appellee failed to properly apply the brakes on his automobile. The jury found that appellee was negligent in said respect, but refused to find an affirmative answer to the special issue, conditioned thereupon, submitting the inquiry as to whether such negligence was a proximate cause of the collision. The issue was answered, but in the negative, or "We do not".

Appellant does not contend that the circumstances of the case are such as to constitute appellee's aforesaid negligence a proximate cause of the collision as a matter of law. Conceding that the matter was to be resolved by the jury as a matter of fact, appellant nevertheless contends that the circumstances of the case were such that no answer other than an affirmative answer should be permitted to stand in support of a judgment. Appellant's contention under the second point of error is that the evidence in the record is such that the negative answer of the jury was so against the overwhelming weight of the evidence as to be manifestly wrong, thus requiring that such answer be set aside, the verdict vitiated and a new trial ordered. The test to

be applied in resolution of the question presented by the point of error has been restated and reestablished by the case of In re King's Estate, 1951, 150 Tex. 662, 244 S.W.2d 660. Appellant does not request that we find any fact for it, but insists that justice requires that we "unfind" the negative finding of fact made by the jury "against" it.

Since we do not share appellant's opinion that the jury finding in the above respect was contrary to the overwhelming weight of the evidence, there is probably no necessity to burden the record with any extended discussion. The intersection at which the collision occurred was one controlled by signal lights, which lights were on the red or "stop" signal immediately prior to the time of the collision. In obedience to such signal, both appellee's and appellant's drivers had brought their respective vehicles to a stop. At least the evidence justifies the obvious conclusion on the part of the jury that such was the case. Theretofore, both vehicles were being driven in the same direction on the street. The vehicle of the appellant was a large "six-wheel" trailer-van and tractor, the length of the van or trailer being approximately twenty-seven (27) feet. Such length was in addition to the length of the tractor portion. In turning such a vehicle to the right it may be readily demonstrated under principles of physics and mathematics that in order for the trailer to stay on the roadway the tractor must be turned from a point some distance from the right-hand side of the road, and that it must enter the road into which it is turned some distance out from the right-hand side of such road. If this is not done the side of the trailer or van will come into contact with any elevated obstruction at the corner being turned, and/or the right rear wheels of the trailer-van will roll off the roadway and onto such corner. The driver of the vehicle of the appellant intended to turn it to the right at the intersection where the collision occurred. Testimony in the record was to the effect that he was far enough to the left before he

made his turn so that the trailer could follow on the roadway and not come into contact with the corner. Testimony from appellant's driver was to the effect that, in addition to having "turn indicators" operating and indicating that he was turning to the right at the intersection, he had a rear-vision mirror into which he looked and ascertained that no vehicle was approaching toward the right side of the truck and van. Furthermore, he testified no vehicle was to the right and alongside the truck prior to the time he began his turn, or while he was awaiting a change in the signal light at the intersection.

It is clear from the undisputed evidence, however, that as the truck was being turned in the intersection the appellee drove his car into the intersection, to the right of and alongside the trailer-van,—and the left side of the appellee's automobile came into collision with the right side of the trailer-van, near the front thereof. Appellee's testimony, contradictory of that of appellant's driver, is to the effect that one or more vehicles were stopped ahead of him awaiting a change in the signal light at the intersection, in the lane near the curb, and to the right of the truck and trailer. Further, that upon the change in signal the automobiles immediately ahead of him proceeded through the intersection, as he in turn intended, and indeed was in the process of doing when he suddenly discovered, to his surprise, that the truck was making a right-hand turn across the path being traveled by his automobile. He testified further that he did not put his brakes on before the collision, such circumstance explained by him as, "I didn't have time. I tried."

We hold that the jury's negative finding, including a refusal to find in the affirmative (for the appellant) that appellee's negligence in failing to apply his brakes was a proximate cause of the collision, was not against the overwhelming weight of the evidence.

Appellant makes a like contention in its third point of error, although such is

upon the issues submitting the usual inquiry as to lookout. Having found answer thereto in the negative, no answer was returned by the jury to the issue conditionally submitting the question of proximate cause. Appellant contends that the jury's negative finding was against the great weight of the evidence, and that if an affirmative answer had been returned the appellee's failure to keep a proper lookout would have amounted to proximate cause as a matter of law. We have already reviewed the general nature of the collision. We believe that the jury's negative finding, of which appellant complains, was reasonable and logical. We cannot agree with appellant's contention that the answer was contrary to the overwhelming weight of the evidence. The point is overruled.

Judgment is affirmed.