AETNA CASUALTY AND SURETY
COMPANY, Appellant,

v.

Hubert FINNEY, Appellee.

No. 7303.

Court of Civil Appeals of Texas.

Texarkana.

May 16, 1961.

Rehearing Denied June 6, 1961.

Allen Clark, Lee A. Clark, Greenville,
for appellant.

Woodrow H. Edwards, Mt. Vernon, G.
C. Harris, Greenville, Howard S. Smith,
Sulpher Springs, for appellee.

DAVIS, Justice.

This is a Workmen's Compensation case.
It was tried before a jury, resulting in a
finding that the appellee was totally and
permanently disabled. Judgment for ap-
pellee for total and permanent disability.
Appellant has perfected its appeal, and
brings forward 9 points of error.

By its first three points, appellant com-
plains of the error of the trial court in re-
fusing to give certain special issues to the
jury relative to specific injuries to the left
leg and to the left arm. In reviewing the
transcript, the issues were in fact given
as issues 12, 13 and 14. The issues were
answered adversely to the appellant. The
points are without merit and are overruled.

By its point 4 appellant takes the
position that the appellee's pleadings have
nothing, as a matter of law, to authorize
proof for total and permanent disability.
The pleadings are sufficient. Southern Un-
derwriters v. Boswell, 138 Tex. 255, 158
S.W.2d 280; Maston v. Texas Employers'
Insurance Ass'n Tex., 331 S.W.2d 907. The
point is overruled.

By its 5th, 6th and 7th points, appellant
contends that there is no evidence that the
injuries received by the appellee extended
to or affected other portions of the body,
and they were confined solely to the left
leg and left arm below the elbow, and the
findings of the jury of total and permanent
incapacity is against the overwhelming
weight and preponderance of the evidence.

Appellee testified about diesel oil leaking onto his clothes; about the weather being cold; that he went to the fire to warm until he could use his truck; that he caught fire; the fire enveloped his entire body; the entire back side of his left leg was injured, including the muscles; he cannot straighten his knee or stand on the leg very long at a time; both hands were injured; the motion of left wrist was limited and the fingers on the left hand were stiffened; his nerves were torn up and he is still quite nervous; he suffered injuries to his back and sciatic nerve while in the service, but had recovered so that he could do the usual task of a workman; that the back injury was aggravated by the burns, particularly the sciatic nerve going from the back through the left leg has been aggravated by the burns, to a point that he cannot stand or walk very much; and he was totally disabled. This testimony was corroborated by three lay witnesses.

Dr. E. M. D'Charles, an orthopedic specialist, testified upon the trial of the case of having examined the appellee and that he had a loss of motion and grip in his left hand due to burns; his left leg received second and third degree burns with loss of skin and muscles causing contracture of leg, resulting in patient walking on toes; heel unable to touch ground; unable to extend left leg; burns caused the contracture of left leg which in turn caused sciatic nerve to be so painful as to be disabling; that none of the injuries were confined to the specific areas, and all exerted a disabling effect on him which rendered the plaintiff totally and permanently disabled from doing manual work.

■ The doctor who testified for the appellant, in effect, admitted that the injuries affected the man's physical condition generally by causing a contracture of his hip and resulting pain in the back. The entire statement of fact has been examined, and we find the evidence wholly sufficient to support the jury's verdict of total and permanent disability. American General In-

surance Company v. Florez, Tex.Civ.App., 327 S.W.2d 643, n. w. h.; Superior Ins. Co. v. Kling, Tex.Civ.App., 321 S.W.2d 151, affirmed, Tex., 327 S.W.2d 422; Argonaut Underwriters Insurance Co. v. Byerly, Tex. Civ.App., 329 S.W.2d 937, wr. ref., n. r. e. The points are overruled.

Appellant's 8th point is without merit and is overruled.

By its point 9, appellant complains of the error of the trial court in excluding from consideration by the jury the extent of the appellee's disabilities as determined by the Veteran's Administration, and that the appellee was receiving compensation from the U. S. Government. It contends the evidence was pertinent on the question of the ability of the plaintiff to perform work, and was admissible to impeach his claim that he was totally incapacitated.

Upon the trial of the case the appellee filed a motion, omitting the heading and signature, which reads as follows:

"Comes Now Plaintiff in the above entitled and numbered cause and prior to the commencement of the questioning of the venire but after both parties have announced ready for trial and moves the court as follows:

"1.

"That the attorney for the defendant be instructed not to refer directly or indirectly to the fact that plaintiff Finney at the time of the injuries complained of had and now has, a percentage of disability rating by the Veterans' Administration for service connection disability because:

"(1) Income from a collateral source is not admissible to show extent of plaintiff's disability;

"(2) That such testimony would be double hearsay since it would have to be based upon a report or decision of a board based on hearsay medical testimony before the board and there is

no opportunity for cross-examination of either the medical testimony relied on by the board or the board.

"Wherefore, plaintiff prays judgment of the court."

No objection to the motion is shown of record, although the appellant did except to the sustaining of the same. Upon the trial of the case, it did not offer any evidence from the Veterans' Administration as to the percentage of disability rating that they had given the appellee. It did put the appellee upon the stand and question him about his disability rating, and the amount of compensation he was drawing. He did not offer this evidence before the jury. In the case of Alamo Express, Inc. v. Wafer, Tex.Civ.App., 333 S.W.2d 651, n. w. h., the plaintiff made the same motion in limine as was made in this case. The trial court granted the motion. The defendant offered the evidence by bill of exceptions. The defendant did not offer the evidence for a special or limited purpose, and actually did not except to the trial court refusing to admit it. On defendant's motion for new trial in the Wafer case the ground of error shows that the trial court had erred in not admitting the evidence. The court held that the appellant had waived its rights on appeal to claim an error on the part of the trial court in excluding the evidence, since the matter was not properly presented as a question in the motion for new trial. The ground relied on, as in this case, was that the trial court committed error in excluding the evidence.

The disability rating of a veteran by the Veterans' Administration is hearsay. Therefore, it would be up to appellant to show why such disability evidence would be admissible. In I Tex.Law of Evidence 19, Sec. 21, the annotator says:

"Where there is any doubt as to the relevancy of the evidence offering counsel must specify the purpose for which is it offered or other facts necessary to render it admissible. This is essential for an intelligent objection by opposing counsel and ruling by the trial judge. If he states a purpose for which it is inadmissible, he cannot complain of the ruling of the trial judge in excluding the evidence even though there was some other purpose for which it could have been received."

The point is overruled.

The judgment of the trial court is affirmed.