The STATE of Texas, Appellant,

v.

Ralph W. CLEVENGER et al., Appellees.

No. 14305.

Court of Civil Appeals of Texas.

Houston.

Nov. 12, 1964.

Rehearing Denied Dec. 3, 1964.

Waggoner Carr, Atty. Gen. of Texas, T. B. Wright, Watson C. Arnold and Albert L. Derden, Asst. Attys. Gen., Austin, for appellant.

Liddell, Austin, Dawson & Sapp, Charles R. Vickery, Jr., and Harley W. McConnell, Houston, for appellees.

WERLEIN, Justice.

This suit was brought by the State of Texas against appellees, Ralph W. Clevenger et al., to condemn for highway purposes 50,896 square feet of land out of a tract of 121,375 square feet. The issues in the trial court were confined to the market value of the land taken and damage to the remainder. From the judgment of the trial court, based upon the jury findings that the value of the land appropriated was $38,790.00, or approximately 76 cents per square foot, and the damage to the remainder was $10,999.72, the State has appealed.

We shall not discuss appellant's second point since the error complained of therein was admittedly not preserved in the trial court. This appeal, therefore, is confined to appellant's complaint that the trial court erred in admitting in evidence as a comparable a contract of sale of land which was not consummated into a completed transaction since the buyer forfeited the $5,000.00 earnest money placed in escrow.

The contract of sale in question is similar to earnest money contracts commonly used in this State. It stipulates that the seller shall forthwith furnish an owner's title policy issued by Commercial Title Company; provides for the deposit in escrow with such company of $5,000.00 earnest money as part of the purchase money for the property described therein which "seller has this day sold to buyer;" sets out the terms of the sale, and contains a number of other provisions including the following:

"If, however, said title company is ready and willing to guarantee said title to Buyer, and Buyer fails, refuses or is unable for any reason to consummate this contract in accordance with the terms hereof, within a period of 10 days from notice that said title company is ready to guarantee said title, then the earnest money herein receipted for shall be forfeited to Seller and agent, equally, as agreed liquidated damages, and this contract shall thereupon terminate and all parties shall thereupon be fully released herefrom."

The contract is dated January 2, 1959 and signed in triplicate originals by the seller, Billie Kennerly, the buyer, J. H. Horn, Trustee, the real estate agent, Gould Beech, and the escrow agent, Robert H. Fisher.

Appellant asserts that the contract of sale in question was in fact an option since it could not be specifically enforced against

the buyer, although it could be specifically enforced against the seller. In the event that the buyer failed or refused to consummate the contract in accordance with the terms thereof, the seller, Mrs. Kennerly, could not compel him to take the property but she could forfeit the $5,000.00 as liquidated damages. The contract was never consummated in a conveyance of the property described therein since the buyer, J. H. Horn, Trustee, failed to go ahead with the purchase and forfeited the $5,000.00 earnest money. Appellees' witness, Gould Beech, testified as to his personal knowledge of the contract in question and of the land described therein which he considered a comparable. Such contract involved approximately 145,000 square feet near the land taken in this condemnation proceeding. The total consideration recited in such contract of sale was $160,614.00 or approximately $1.10 per square foot. Said witness testified that in his opinion based upon comparable sales with which he was familiar, that the value of the land taken in this condemnation proceeding was $1.05 per square foot.

In arriving at the value of the land in question said witness considered and relied upon not only the contract of sale covering the Kennerly tract but the following comparable sales: (1) The sale from Kennerly to Lee Wright, dated September, 1960, covering a portion of the land described in said contract of sale, which sold at $1.37 per square foot; (2) Sale from Massey to Levi, October, 1958, at approximately 57 cents per square foot; (3) Three sales to V. Miller in May, 1961 averaging $1.34 per square foot, including Oberprillar to V. Miller at $1.00 per square foot, and Kolbe to V. Miller, at $1.13 per square foot. These sales, with the exception of the sale from Massey to Levi and the contract of sale from Kennerly to Horn, were subsequent to April 16, 1959, the date of taking, but there is evidence that there was no significant rise in prices between April, 1959 and the date of such sales.

Appellees' witness, Eric Moerbe, in placing the valuation of $1.10 per square foot on the property taken, relied on the sale from Kennerly to Wright at $1.37 per square foot, said three sales to V. Miller and the sale from the Silber heirs to Chrysler Corporation in February, 1962 at $1.50 per square foot. Appellant's witness, C. M. Knapp, relied on the following sales which he considered as comparable: (1) Hardcastle to Weeden, August, 1957 at $16,480.00 per acre; (2) Whitty and Janke to Mitschke, November, 1958, high land at $12,700.00 per acre, low land at $6,350.00 per acre; and (3) Massey to Levi at 57 cents per square foot.

It is manifest that the jury, in arriving at the value of 76 cents per square foot for the land taken, did not accept as controlling any of the comparable sales testified to, but found a value in between the high and low valuations placed on the land by the witnesses, which was 34 cents per square foot less than the amount of $1.10 per square foot provided in the Kennerly contract of sale.

The law is well settled that unaccepted offers to buy or sell are incompetent evidence of land value in condemnation suits. Hanks v. Gulf, Colo. & S. F. Ry. Co., 1959, 159 Tex. 311, 320 S.W.2d 333; Taub v. Houston Independent School District, Tex.Civ.App., 339 S.W.2d 227, ref., n. r. e.; Loumparoff v. Housing Authority of City of Dallas, Tex.Civ.App., 261 S.W. 2d 224, no writ hist.; State v. Layton, Tex. Civ.App., 147 S.W.2d 515, no writ hist. The same reasons that preclude evidence of unaccepted offers render such offers valueless as a basis for opinion evidence of value. The contract of sale in question was not a mere offer. It was an enforceable contract in that the seller could be compelled to deed the property and the buyer could be compelled to forfeit the $5,000.00 as liquidated damages if he refused to put up the balance of the cash purchase money and consummate the sale.

■ It is our view that the court did not err in admitting the contract of sale in question as one of the comparables upon which the witness, Gould Beech, relied in arriving at the value that he placed upon the land that was taken. In Robards v. State, Tex.Civ.App., 285 S.W.2d 247, error ref., n. r. e., a written contract of sale was executed for the property that was the subject of condemnation, and a down payment of $1,000.00 was made. Later the contract of sale was by mutual consent rescinded when the parties learned of the improvement for which the condemnation was being made. The court said:

> "A contract of sale is not an offer. It is, if valid, a binding obligation on all parties. In our opinion it was admissible. That the contract was rescinded could of course be shown as lessening its weight as evidence of market value."

Appellant has undertaken to distinguish the Robards case from the instant case, by asserting that in the Robards case the contract was probably specifically enforceable as against both the buyer and the seller. We find nothing in the Robards case which indicates that it could have been specifically enforced against the buyer who made a down payment of $1,000.00. It seems more likely that such down payment was an earnest payment to bind the sale.

■ In the instant case it was shown that the buyer did not consummate the purchase as he agreed to do in the contract and that he forfeited the $5,000.00 as liquidated damages. This fact could be and was shown as lessening the contract's weight as evidence of market value. Had the contract been entered into without any intention of its being carried out, such fact could also have been shown. The evidence, however, is undisputed that the contract of sale was a bona fide contract entered into by both parties in complete good faith.

■ The case at bar is distinguishable from the case of State v. Williams, Tex. Civ.App., 357 S.W.2d 799, writ ref., n. r. e., relied upon by appellant. In the Williams case the agreement was evidenced by a letter. The letter is not set out in the opinion and its contents are not known. The court stated, however, that the agreement evidenced by such letter was clearly an option contract. An option is a mere privilege or right which the owner of property gives another to buy certain property at a fixed price within a certain time. It is a mere right of election acquired by one under a contract to accept or reject a present offer within the time therein fixed. Knox v. Brown, Tex.Com.App., 277 S.W. 91; Ware v. Quigley, 176 Cal. 694, 169 P. 377; Western Union Telegraph Co. v. Brown, 253 U.S. 101, 40 S.Ct. 460, 64 L.Ed. 803; Anthis v. Sandlin, 149 Okl. 126, 299 P. 458.

■ In the instant case the contract of sale was not just an option. The signatories to such contract in the utmost good faith entered into a valid and binding agreement for the sale and purchase of the land in question which the "Seller has this day sold to Buyer." The fact that the contract provided that if the buyer failed, refused or was unable to consummate the contract the $5,000.00 down payment which was deposited in escrow as part of the purchase money would be forfeited as liquidated damages, did not convert such contract of sale into a mere option. Here there was a willing seller and a willing buyer who mutually obligated themselves respectively to sell and buy at a price and upon terms specifically agreed upon. Nothing but the final consummation thereof remained to be done. It is our view that the contract of sale meets the standards suggested in the authorities referred to in the opinion of our Supreme Court in State v. Oakley, 1962, 163 Tex. 463, 356 S.W.2d 909.

■ Even if such evidence was admitted in error, appellant has wholly fail-

ed to discharge its burden of showing from the record as a whole that the admission of such evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; Taub v. Houston Independent School District, Tex.Civ.App., 339 S.W.2d 227, writ ref., n. r. e. It seems obvious that the jury was not influenced to any appreciable extent by the value of $1.10 per square foot provided in said contract of sale, since they found the property in question to have a value of only 76 cents per square foot. In view of all the testimony with respect to value of the property in question based upon comparable sales of land, we cannot hold that the admission of such contract in evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Dennis v. Hulse, Tex.Sup.1962, 362 S.W.2d 308; City of Dallas v. Holcomb, Tex.Civ.App.1964, 381 S.W.2d 347; In Re King's Estate, 1951, 150 Tex. 662, 244 S.W.2d 660.

Judgment affirmed.