J. W. HERFURTH et ux., Appellants,

v.

The CITY OF DALLAS, Appellee.

No. 16826.

Court of Civil Appeals of Texas.

Dallas.

Nov. 25, 1966.

Rehearing Denied Dec. 30, 1966.

Roland Boyd of Boyd, Veigel & Gay, Mc-Kinney, for appellants.

N. Alex Bickley, City Atty., Lee E. Holt, Asst. City Atty., Dallas, for appellee.

BATEMAN, Justice.

Exercising its right of eminent domain, the City of Dallas took 72.33 acres of land owned by appellants J. W. Herfurth and wife to become a part of a large water reservoir. The land taken was part of a tract of 127.12 acres. The jury found the value of the part taken, considered as severed land, to be $29,655.30, and that the market value of the remaining 54.79 acres, not taken, was not decreased as a result of the condemnation. As the damages found in answer to Special Issue No. 1 were less than previously awarded by the commissioners, and which had been withdrawn by appellants pursuant to Vernon's Ann. Civ.St., Art. 3268, the court awarded to appellee the 72.33 acres and judgment against appellants for $2,893.20, the excess of the commissioners' award over the verdict.

By their first three points of error on appeal the appellants complain of the refusal by the court to permit them to perfect a bill of exceptions to the exclusion by the court of certain testimony of the appellant J. W. Herfurth, thus preventing them from showing in the record what the testimony would have been if admitted. Whatever error there may have been in this respect, however, was rendered harmless in that the record was subsequently made to show beyond question what the witness would have answered if permitted. Therefore, no harm resulted from the ruling complained of, Rule 434, Vernon's Texas Rules of Civil Procedure, and appellants' first three points of error are overruled.

By their fourth point of error appellants complain of the refusal of the trial court to permit the witness Herfurth to testify as to what price per acre Henry Wade paid for his land. This testimony was excluded on appellee's objection. Appellants made no effort to show comparability, but took the position that appellee's own witness, George Becker, Jr., had already established it. This was based on the events described in the next paragraph.

Becker, appellee's only value witness, testified that in his opinion the value of the land taken was $23,850, which is approximately $330 per acre, and gave as a comparable sale a tract of 23.4 acres which a Mr. Burch had sold to a Mr. McLain at $320 an acre. Both tracts, he said, had about the same proportion of lowland subject to overflow. On cross-examination he was requested by appellants' counsel to outline with a colored pencil on an aerial map the perimeter of the "Burch to McLain tract." When he had drawn the line he was asked whether he was sure of the north boundary line he had drawn, to which he replied, "Not from an engineering point of view. It could be a shorter tract. There are 23.4 acres in it. * * *." He offered to change the line he had drawn, but appellants' counsel said, "No, sir, don't change it unless it needs to be changed." And Becker replied, "I am not sure, sir."

Counsel then reminded him that the witness was the one who was testifying, whereupon Becker stated, "That is the tract of land." A few moments later counsel asked him if he hadn't included in his drawing Mr. Henry Wade's land also, to which he replied, "No, sir, Mr. Henry Wade's land is on the other land up here. * * *" He then testified also that he knew Henry Wade had bought a tract from Roddy Groves the early part of that year, but that he was not acquainted with the land, that he had not been to see it, but knew exactly where it was. When asked whether he knew this land was not in a part of the outline he had drawn on the aerial map, he said, "Sir, I may not have drawn it right. It is an error in judgment but not in intent if the line is not properly drawn. I have a copy of the deed, sir, that has the description in it that would permit a duplication of the tract by its legal description."

Subsequently the appellant J. W. Herfurth testified that the colored perimeter line drawn on the aerial map by Becker encompassed "the Burch to McLain property" and also the Wade property. When he was asked what Mr. Wade paid per acre for that land, appellee objected on the ground that no predicate had been laid showing the comparability of the Wade land to the Herfurth property, that if Mr. Herfurth was willing to testify that the Wade property was comparable to his property he would be entitled to testify as to its value, but that in the absence of testimony as to comparability the question was improper and highly prejudicial. This objection was sustained.

Appellants argue that the testimony was admissible to impeach Becker's testimony on values in that "the jury were not permitted to know that he had testified falsely about the sale price." Since the only sale Becker had testified about was the Burch to McLain sale, the sale price he is accused of testifying falsely about must have been the $320 per acre he had said McLain paid Burch for the land. He was

never asked what price Wade had paid and was asked nothing concerning similarity between the Wade land and the Burch to McLain land, or between the Wade land and appellants' land. There can be no error in excluding proffered evidence, regardless of the purpose for which it is offered, unless it is admissible; and evidence which does not tend to prove or disprove some issue in the case, and is therefore immaterial and irrelevant, is inadmissible. Dallas Railway & Terminal Co. v. Oehler, 156 Tex. 488, 296 S.W.2d 757.

We know of no basis or theory on which this testimony could have been admissible. Herfurth's testimony could not have even tended to disprove Becker's testimony as to the price Burch received for his land; neither would it contradict his testimony as to the similarity between that land and the land taken in this case. A witness may not be contradicted upon a collateral or immaterial matter, McCormick & Ray, TEXAS LAW OF EVIDENCE, Vol. 1, § 683, p. 526; Gulf, C. & S. F. Ry. Co. v. Coon, 69 Tex. 730, 7 S.W. 492, 497, but here we see no contradiction at all.

Appellants do not contend that the evidence was admissible as bearing on the value of any part of their land, but say it is admissible to impeach Becker. Evidence of what Wade had paid for his land would not be evidence of the value of either appellants' land or the Burch-McLain land unless some similarity, other than its contiguity, was shown. No effort was made to do so. We do not agree with appellants that Becker himself established the comparability by including the Wade land within the colored line on the map. We think it is clear from Becker's testimony, quoted above, that if the Wade land was so included it was inadvertent and that he did not intend thereby to imply that the Wade land, though contiguous to the McLain land, was of comparable quality or of like value. Appellee's objection was properly sustained. Cravens v. City of Amarillo, Tex.Civ.App.,

309 S.W.2d 903, 908, wr. dism. Appellants' fourth point is overruled.

Appellants' fifth, sixth and seventh points of error complain that the jury's answer to Special Issue No. 1, finding the market value of the land taken, was against the great weight and preponderance of the evidence, and that the amount found was too small and inadequate; and by their eighth and ninth points of error they make the same criticism of the answer to Special Issue No. 2, wherein the jury found that the market value of the remaining land had not been decreased by the taking. The nature of these five points of error has necessitated our careful study of the entire record of testimony. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We do not think a recitation or summary of the evidence would add anything to the jurisprudence of the State, and we therefore merely say that the jury, in response to Special Issue No. 1, found a value within the range of the testimony of the witnesses, that there was ample evidence to support both findings, and that the verdict is not so "grossly inadequate as to indicate the operation of some improper influence on the jury in its determination of the amount." Medrano v. City of El Paso, Tex.Civ.App., 231 S.W.2d 514, 518. The answer to Special Issue No. 2 was exactly in line with the testimony of appellants' witness Homer Adams, as well as with that of appellee's witness George Becker, Jr. Appellants have failed to carry the burden of showing that either finding was against the great weight and preponderance of the evidence, or that the amount awarded was so grossly inadequate as to justify reversal. Aue v. State, Tex.Civ. App., 77 S.W.2d 606, 608, wr. ref.

Accordingly, appellants' eighth and ninth points are overruled.

As we find no error justifying a reversal of the judgment, it is

Affirmed.