**Roaul A. CORTEZ, Appellant,**

v.

**Genoveva Valdez CORTEZ, Appellee.**

**No. 14867.**

Court of Civil Appeals of Texas, San Antonio.

July 8, 1970.

Groce, Hebdon, Fahey & Smith, W. Pat Camp, San Antonio, for appellant.

Stahl & Sohn, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from an order overruling Roaul A. Cortez's motion to discharge a trustee in a divorce case. The parties will be referred to herein as they were in the divorce suit in which Genoveva Valdez Cortez was plaintiff and Roaul A. Cortez was defendant.

On March 29, 1962, in Cause No. F–132,972, in the District Court of Bexar County, Texas, plaintiff was granted a divorce from defendant, and in such judgment a partition and division of the community property of plaintiff and defendant was made. Included in the community property partitioned and divided at such

time were 1271.33 shares of stock of Cortez Industries, Inc.,[1] representing 86.849% of the total stock of such company. A trust was created in such judgment with respect to such 1271.33 shares of stock, and plaintiff and defendant were decreed to be the separate but equal beneficiaries and beneficial owners of such stock, with the legal title thereto being vested in a trustee, C. Stanley Banks, Jr. The stated purpose and object of the trust was to assure that each party recover the value of the corporate stock in such corporation held in the name of each party. The term of the trust is for ten years, unless sooner terminated by an order of the court after realization of the object of the trust, or by mutual agreement of the beneficiaries. The court found that the stock had no market value, but that it did have a value. No appeal was perfected from such judgment.

After qualifying, the trustee took charge and control of such stock and has since that time, in accordance with the judgment, elected himself as president of the corporation and a director thereof. On the date of the divorce judgment the corporation was in financial difficulties, with numerous accounts payable, various claims against it, and delinquent indebtedness to banks. Since such time there has been a change in the financial condition and such corporation now has substantial assets, including land, buildings, lease contracts, cash on hand, cash surrender value of a life insurance policy, and other properties, listed to be in the amount of $326,793.58, according to an exhibit filed in such cause. According to such exhibit, the liabilities aggregate $63,976.46, consisting chiefly of a real estate lien note owed to Tower Life Insurance Company. A portion of the improvements owned are leased to Interstate Broadcasting Company, which lease terminates on December 15, 1971, with the

present monthly payments under such lease being $650.00. Another portion is leased to Interamerica Radio, Inc., for $1,000.00 per month, which lease also expires on December 15, 1971. Although these leases have not terminated, the trustee has been negotiating with the two lessees regarding a renewal of the two leases for an additional ten-year term. The ten-year term provided in the trust agreement will not expire until March 29, 1972.

Defendant's motion to discharge the trustee was filed in said cause on October 30, 1969, alleging that the purpose of said trust had been accomplished; that the stock which the parties own in Cortez Industries, Inc., should be returned to them, and the administration of the corporation returned to its owners without the further intervention of the trustee or the court. Plaintiff filed a general denial and plea of res judicata. Trial was to the court without a jury and judgment rendered denying defendant's motion and decreeing that defendant take nothing thereunder. Findings of fact and conclusions of law were filed by the court.

Defendant asserts three points of error on this appeal: (1) The trial court erred in overruling Defendant's Motion to Discharge Trustee. (2) The trial court erred in holding as a conclusion of law that the judgment signed March 29, 1962, bars this court from returning the stock to the parties but limits the relief this court can grant to an order to the Trustee to vote the stock for a dissolution of the corporation under Paragraph V, Subparagraphs (7) and (8) thereunder. (3) The continuation of the trusteeship violates Article 2317 Vernon's Ann.Civ.St.

■ Defendant has not briefed his third point of error and we do not consider it. Points of error which are not briefed on

---

1. The corporation was chartered to construct, own, and operate radio broadcasting equipment and stations and do things incident thereto. At the time of the divorce judgment, the corporation had sold its radio and television stations and

broadcasting equipment, had transferred its licenses, and did not own or operate any radio or television stations, but had assets consisting chiefly of real estate, buildings, notes and leases.

appeal are waived and need not be passed on by an appellate court. St. Paul Mercury Ins. Co. v. Sugarland Industries, Inc., 406 S.W.2d 778 (Tex.Civ.App.—Eastland 1966, writ ref'd, n.r.e.); McMillen Feeds, Inc. of Texas v. Harlow, 405 S.W.2d 123 (Tex.Civ.App.—Austin 1966, writ ref'd n. r.e.); Norman v. Safway Products, Inc., 404 S.W.2d 69 (Tex.Civ.App.—Dallas 1966, no writ); Farris v. Farris, 404 S.W.2d 638 (Tex.Civ.App.—Amarillo 1966, no writ); Burrell v. VanLoh, 404 S.W.2d 860 (Tex. Civ.App.—Fort Worth 1966, no writ).

Defendant in his motion of October 30, 1969, sought a discharge of the trustee and the return of the stock involved to plaintiff and defendant on the ground that the purpose of the trust set out in the judgment of March 29, 1962, has been accomplished and that there is no longer any necessity for the trust. The trial court in its findings of fact and conclusions of law found that the court by judgment signed March 29, 1962, determined the controverted rights between plaintiff and defendant in the stock; that the object and purpose of the trust created in the judgment of March 29, 1962, was the recovery by plaintiff and defendant of the value of the stock in Cortez Industries, Inc., held by each of them; that no appeal was taken from such judgment or any part thereof; that there yet remains to be a recovery of the full value of the stock of the parties in such corporation; that returning the legal title of the stock held by the trustee to plaintiff and defendant *at this time* (emphasis added) would be contrary to the purpose and object of the trust. These findings are not challenged by any point of error of defendant and are supported by some evidence of probative value; they are material findings necessary to support the judgment, and are sufficient to form the basis of the judgment.

■ A trial court's findings of fact will be upheld on appeal unless manifestly erroneous, and will be overruled by an appellate court only when they are not supported by any evidence of probative value,

or are so against the great preponderance of evidence as to be manifestly wrong. Keeton v. Gillam Soap Works, 215 S.W.2d 675 (Tex.Civ.App.—Armarillo 1948, writ ref'd n.r.e.); Bavousett v. Bradshaw, 332 S.W.2d 155 (Tex.Civ.App.—Amarillo 1960, writ ref'd n.r.e.); Dyer v. Caldcleugh and Powers, 392 S.W.2d 523 (Tex.Civ.App.— Corpus Christi, 1965, writ ref'd n.r.e.). Material findings of fact must be challenged by appropriate points in appellant's brief or else appellant is bound by such findings. Kroger Company v. Warren, 420 S.W.2d 218 (Tex.Civ.App.—Houston (1st) 1967, no writ); Curtis v. National Cash Register Co., 429 S.W.2d 909 (Tex.Civ. App.—Amarillo 1968, writ ref'd n.r.e.); Curry v. E. E. Stone Lumber Co., 218 S. W.2d 293 (Tex.Civ.App.—El Paso 1948, writ ref'd n.r.e.).

■ Defendant by his second point of error complains that the trial court erred in holding as a conclusion of law that the judgment signed March 29, 1962, bars the court from returning the stock to the parties but limits the relief the court can grant to an order to the trustee to vote the stock for a dissolution of the corporation. There is nothing in the judgment of March 29, 1962, limiting the court's power to this extent. Furthermore, there were no pleadings in this case seeking such a limitation, and it is not essential to the judgment of December 12, 1969, and forms no part of such judgment. The only question to be decided by this Court on this appeal is whether the trial court abused its discretion in refusing to discharge the trustee and return the stock to plaintiff and defendant. We have held that the court did not abuse its discretion. It is not necessary for us to consider at this time the trial court's authority to terminate the trust at some future time and we make no such determination.

All of defendant's points of error have been considered and are overruled. The judgment of the trial court is affirmed.

CADENA, J., did not participate in the decision of this case.