**Paul REDDING et al., Appellants,**

v.

**William B. FERGUSON, Jr., Appellee.**

**No. 17444.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 2, 1973.

Rehearing Denied Dec. 7, 1973.

Friberg, Martin & Richie and Gene Richie, Wichita Falls, for appellants.

Banner & McIntosh and Ed McIntosh, Wichita Falls, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a judgment based upon a jury verdict awarding damages for breach of a contract to purchase approximately 2,000 acres of land located in Archer and Wichita Counties. The parties will be referred to as in the trial court.

On December 30, 1969, the plaintiff, William B. Ferguson, Jr., the appellee herein, filed his original petition against defendants, Paul Redding and Dale Redding, appellants herein, and on or about June 17, 1970, filed a motion for summary judgment. Defendants' answer to this motion had attached thereto affidavits setting out the reasons for their inability to perform in accordance with the terms of the contract in question.

By its judgment of January 6, 1971, the court entered a judgment designated as a partial summary judgment which stated that:

"From such matters as were properly before the Court the Court hereby FINDS as a matter of law:" that (A) a valid and binding option contract was entered into by and between plaintiff and defendants whereby the latter purchased an option to buy plaintiff's lands described therein for a fixed price; (B) the option was exercised within the time prescribed at the price agreed upon; (C) plaintiff was ready, willing and able to complete the transaction; (D) the defendants breached such written contract; (E) plaintiff has prayed for and is entitled to specific performance on said contract of sale by defendants or damages for the breach thereof; (F) no genuine issue of fact exists as to the validity of the option agreement, the defendants exercise thereof, or the ability of plaintiff to deliver or perform on said contract; (G) defendants by pleading and affidavit have judicially claimed and admitted they are unable and it is impossible for them to perform; (H) the sole issue of fact remaining is the sum of damages, if any, sustained by plaintiff by reason of defendants' failure to perform on the contract.

The partial summary judgment was concluded with the following paragraph:

"The Plaintiff heretofore having requested a partial Summary Judgment, the Court accordingly ORDERS, ADJUDGES and DECREES that the Plaintiff be and is hereby given a partial Summary Judgment for Specific Performance upon the written option contract and Defendants' written exercise or acceptance thereof and the Defendants breach thereof and that the matter of damages, if any, to Plaintiff by reason of Defendants failure to perform, be and is hereby reserved for further determination."

On September 8, 1971, the plaintiff, Ferguson, filed his amended complaint which prayed for damages which was "reserved for further determination" by interlocutory order of the court above referred to. In his amended complaint the plaintiff asserted that he was and is capable of transferring good legal title to the land involved. Plaintiff tendered his performance under said contract and by his pleading stated his willingness to perform and sell and convey the property described. Further, in his pleading the plaintiff asserted that defendants have persisted in refusing to abide by and live up to their written contract and agreement and the order of the court to specifically perform. That such failure has resulted in damage because land values have depreciated and the cost of financing has increased from the time of the original contract to the present time. The prayer was for damages as prayed for in the body of the petition.

The defendants by way of answer filed a general denial.

The cause was tried to a jury which found that there were no damages. The court thereafter entered an order overruling the plaintiff's motion for a mistrial and to set aside the verdict of the jury and entered a take nothing judgment against the plaintiff based upon the jury finding. Thereafter the court, following a hearing, granted plaintiff's motion for a new trial based upon jury misconduct which was, "material and harmful to the Plaintiff . . . ." The plaintiff thereafter filed a supplemental petition and a motion in limine.

The case, again limited to an action for damages, was retried to a jury and the court entered its final judgment on December 6, 1972, based upon the jury's verdict in the sum of $52,049.44, plus interest and costs.

This appeal is from that judgment and is based upon sixteen points of error.

 Defendants, by their first point, contend that the court erred in granting the plaintiff's motion for summary judgment for specific performance because there were genuine issues of fact to be resolved. We overrule this point. The validity of the contract and its breach by defendants is undisputed. It is also undisputed that defendants refused to perform their obligation under the valid contract or to comply with the court's summary judgment of specific performance. The appellee abandoned his remedy of specific performance and by his amended petition sought the alternative relief for damages because of defendants' breach of contract and their failure to abide by the interlocutory order of the court for specific performance.

 Upon the court's entry of its final judgment for damages the summary judgment was rendered moot. At this point it should be noted that the record clearly reflects that the appellants did not at any time except to or contest the appellee's amended petition seeking the alternative

relief in damages and did not raise any question as to the right of the appellee to elect the alternative remedy of damages for breach of the contract. The two trials on the alternative remedy of damages were by implied consent of all parties. In pressing the remedy for damages the appellee thereby abandoned the remedy of specific performance. By so doing the appellee gained no advantage and no legal detriment was suffered by the appellants. See 52 Tex.Jur.2d 526, under "Specific Performance," § 8, "Election of remedies," and the cases there cited. By obtaining the final judgment for damages only the appellee can no longer demand specific performance of the contract.

 "The defense of election of remedies, if relied on to defeat recovery, must be specially pleaded. . . . The defense of election must be presented in the trial court, and cannot be urged for the first time on appeal. . . ." 21 Tex.Jur.2d 210, § 11. See case there cited.

 We next consider appellants' points 2, 3, 4 and 5 asserting error on the part of the court in overruling their objection to the testimony of eleven jurors who appeared following the first jury trial in connection with appellee's motion for a new trial which was granted by the court. In connection with these points the appellants contend that inquiry into the mental processes of the jurors during their deliberation was involved, that there was no evidence of any overt act or misconduct of any juror, that such inquiry tended to impeach the jury's verdict and finally there was no evidence offered to show any misconduct. We overrule each of these points.

It is interesting to note that appellants' first five points are not directed at any error in the trial which resulted in the judgment appealed from. Appellants' amended motion for new trial, which was overruled by the court, seeks a new trial on the same damage issue which was resolved by the last trial.

In considering points 2, 3, 4 and 5 and our ruling as to each we have examined the entire record. Such examination reflects that prior to the first trial of the damage cause the defendants had filed their answer to plaintiff's amended complaint and therein denied only the paragraph alleging damage. Defendants did not contest nor dispute the validity of the contract, the willingness and ability of plaintiff to perform, nor its breach by defendants. The sole and only issue in dispute was the amount of damage sustained by the plaintiff. During the trial of the cause both the "option agreement" and the letter exercising the option were introduced into evidence. The only issue submitted to the jury inquired as to damage. At the conclusion of the evidence the court instructed the jury that all matters introduced into evidence would be taken to them in the jury room. So far as was then known by the court or counsel all instruments introduced into evidence were in fact taken into the jury room. However, unknown to counsel or the court the letter exercising the option which completed the contract was inadvertently not taken into the jury room.

Thereafter, during the course of their deliberations some of the jurors raised the question of whether there was a contract to purchase the land or merely an unexercised option to purchase. The jury read and re-read the option and, not finding the letter exercising the option, came to the conclusion that there was no "contract" but merely an unexercised option. One of the jurors suggested they call in the Judge and to discuss this problem with him. This was done and "The Foreman of the jury stated to the Court that the jury desired to know whether the parties to this lawsuit had ever executed a written contract of sale covering the lands involved in this lawsuit." The Judge discussed the question with counsel. Neither counsel nor the Court were aware that the letter exercising the option was not with the jury and counsel agreed that the court had no alternative but to instruct the jury that they must answer the issue "from the evidence admitted before them, together with the exhibits before them." Whereupon the Judge so instructed the jury. (The above was primarily based upon affidavit of the Judge.)

Thereafter, having confirmed their belief that the option was the only instrument upon which this suit was founded, the Foreman of the Jury inquired if anyone thought there was a contract of any kind that the Reddings had violated. All of the jurors agreed that there was no contract providing for payment of any sums other than the consideration for the option (which had been paid) and the Foreman then wrote "None" in the damage blank and returned the verdict into Court.

During the course of the jury's deliberations the jury speculated upon matters of law and the personal experiences of themselves and others in contractual relationships similar to the one upon which this suit was founded. The jury, believing there was no contract, failed to vote specifically upon the market value of the property in question.

The eleven jurors who appeared each testified repeatedly about the matters above described. They were for the most part in unanimous agreement as to what occurred in the jury room. The only variances were those of memory.

The matters testified to by the jurors in this case involve acts which are open to the knowledge of all the jury. This is not a situation in which one juror, in dispute with the eleven others, testified about his individual conduct, personal consciousness or matters within his breast. For a general discussion on the problem of jury misconduct see 40 Texas Law Review 849 and cases there cited.

■ The record of the hearing on the motion for new trial, viewed as a whole, consists primarily of testimony as to overt acts, i. e., matters of sight, sound and act.

". . . the same strictness in applying rules regarding the admission of evidence or the examination of witnesses is not required in a case tried by the judge alone as in a jury case." 57 Tex.Jur.2d 328, 329, and the authorities there cited.

"By virtue of its inherent power, a trial court, regardless of statutory authority, may grant a new trial in a civil case while it has jurisdiction of the cause. It follows that the court, even without a motion, may set the judgment aside and grant a new trial if the ends of justice so require." 41 Tex.Jur.2d 28 and 29–31 of same text. See also authorities cited thereunder and Wichita Falls Traction Co. v. Cook, 60 S.W.2d 764, 768 (Tex.Com.App., 1933).

"The trial court's ruling on the question will ordinarily be accepted as final if supported by the evidence, or when the evidence thereon is conflicting." 41 Tex.Jur. 2d 85, 86. See citations.

We find and hold that the trial court did not abuse its discretion in finding there was sufficient evidence upon which to grant a new trial.

Appellants' points of error numbered 6 through 16 assert that the trial court erred in granting plaintiff's motion in limine on November 27, 1972, because such action prevented them from proving facts (1) relevant to the transaction, (2) as to matters proven in the earlier trial, (3) concerning negotiations leading up to the transaction, (4) as to payment of the option money to purchase, (5) concerning the contractual rights of the parties, (6) that the option agreement was consummated, (7) concerning the manner and terms by which appellee had acquired the land, (8) as to the use appellants proposed to make of the land, (9) that they were capable of dedicating the land to a particular use, and (10) that the motion in limine limited their right to cross-examination.

There is no showing as to what evidence affected by the motion in limine was properly offered by the defendants in compli-

ance with the motion and was rejected by the court. The motion for new trial did not direct the attention of the court to any error.

The concluding paragraph of the court's order granting the plaintiff's motion in limine, which is complained of, contains the following language:

"On this the 27th day of Nov. 1972, the above motion of Plaintiff came to be considered by the Court, and the Court is of the Opinion that the same should be in all things Granted, and, by this Order, instructs the Defendant and the Defendant's attorney and through them the witnesses and parties called by the Defendant, to abide by and not violate the Court's ruling, by stating, discussing, mentioning, or bringing to the Jury's attention, directly or indirectly, any of the above matters *without first bringing them before the Court for consideration outside of the presence of the Jury, and receiving a ruling that such matters are to then be introduced into evidence.* (Emphasis ours.)

"/s/ Marvin F. London
"Judge Presiding".

■ The purpose of a motion in limine is to avoid the injection into the trial, of matters which are irrelevant, inadmissible and prejudicial. It is recommended by the courts in Burdick v. York Oil Company, 364 S.W.2d 766 (San Antonio, Tex.Civ. App., 1963, ref., n. r. e.) and Bridges v. City of Richardson, 349 S.W.2d 644 (Dallas, Tex.Civ.App., 1961, ref., n. r. e. at 354 S.W.2d 366, 1962). It also serves the useful purpose of raising and pointing out before trial, certain evidentiary rulings that the Court may be called upon to make. By its very nature, when properly drawn, its grant cannot be error. It is not a ruling on evidence. It adds a procedural step prior to the offer of evidence.

· The trial court's granting of appellee's motion in limine as worded cannot be error. Hartford Accident and Indemnity Co. v.

McCardell, 369 S.W.2d 331 (Tex.Sup., 1963). In Hudson v. Smith, 391 S.W.2d 441 (Houston, Tex.Civ.App., 1965, ref., n. r. e.) at page 449 the court said: "Granting or denying a motion in limine does not preserve error." So also in Gulf States Abrasive Manufacturing, Inc. v. Oertel, 489 S.W.2d 184 (Houston, Tex.Civ.App., 1st Dist., 1972, ref., n. r. e.) at page 187, which states: "Error is not preserved by the mere showing of the granting or denying of a motion in limine." See also State v. Wheeler, 390 S.W.2d 339 (Beaumont, Tex.Civ.App., 1965, ref., n. r. e.) and Aetna Casualty and Surety Company v. Finney, 346 S.W.2d 917 (Texarkana, Tex.Civ.App., 1961, ref., n. r. e.).

In their points of error and motion for new trial, appellants complain of the trial court's ruling on the motion in limine. Their brief argues the admissibility of evidence. A brief at variance with the stated points of error has been condemned in Perry v. City of Gainesville, 267 S.W.2d 270 (Fort Worth, Tex.Civ.App., 1954, ref., n. r. e.) and in Butterfield Sales Company v. Armstrong, 278 S.W.2d 194 (Amarillo, Tex.Civ.App., 1954, ref., n. r. e.).

■ As above indicated we are of the opinion that the points urged in the motion for new trial denied the trial court a fair opportunity to properly determine the motion. See Alamo Express, Inc. v. Wafer, 333 S.W.2d 651 (Fort Worth, Tex.Civ. App., 1960, no writ hist.). In Alamo there was variance between appellant's assignments of error in the motion for new trial and its points of error in the appellate brief. In this case, appellants' points and assignments are the same, however, the argument and authorities are not relevant nor germane to the stated points. Appellants by their failure to brief their stated points have waived them. West Texas Utilities Company v. Bergstrom, 458 S.W. 2d 548 (Eastland, Tex.Civ.App., 1970, ref., n. r. e.); Cortez v. Cortez, 457 S.W.2d 131 (San Antonio, Tex.Civ.App., 1970, no writ hist.).

Appellants' points 6 through 16 are so broadly stated that we are unable to determine the precise rulings complained of. Appellants cite the court only four references to the record to support these ten points. These references were not available to the trial court. One of the four references to the record is found under appellants' points numbered 13 and 14. Here appellants cite evidence which was offered and admitted in the first trial. This evidence was neither offered by appellants, nor refused by the trial court in the second trial. See Alcazar v. Southwestern Bell Telephone Company, 353 S.W.2d 933 (Austin, Tex.Civ.App., 1962, no writ hist.); Garcia v. Lacey, 316 S.W.2d 183 (San Antonio, Tex.Civ.App., 1958, no writ hist.).

■ The second reference is discussed by appellants under points 15 and 16. No page citation is given by appellants. The quote is from page 404 of the statement of facts. An examination of page 403 reflects that the trial judge actually ruled in appellants' favor and overruled appellee's objection. A statement by the court, outside the jury's presence is not a "ruling" upon which an appeal can be predicated. Trice Contract Carpets & Furniture, Inc. v. Martin, 334 S.W.2d 554 (Amarillo, Tex. Civ.App., 1960, no writ hist.); Webb v. Mitchell, 371 S.W.2d 754 (Houston, Tex. Civ.App., 1963, no writ hist.); and Citizens of Texas Savings & Loan Ass'n v. Lewis, 483 S.W.2d 359 (Austin, Tex.Civ. App., 1972, ref., n. r. e.).

A third reference to the record by appellants to support their points numbered 6, 7, 8, 9 and 11 involves the excluded testimony of a Mr. Harvey. There is no assignment nor any point related to this testimony. The trial court was not accorded an opportunity to review this testimony by the assignments presented to it. Alamo Express, Inc. v. Wafer, 333 S.W.2d 651, supra.

■ At best such testimony merely concerned an unconsummated "offer" which is inadmissible. See Hanks v. Gulf, Colorado

& Santa Fe Railway Company, 159 Tex. 311, 320 S.W.2d 333 (1959); Rachford v. Stewart Title Guaranty Co., 160 S.W.2d 985 (Beaumont, Tex.Civ.App., 1942, ref., w. o. m.); and State v. Clevenger, 384 S.W.2d 207 (Houston, Tex.Civ.App., 1964, ref., n. r. e.)

The fourth and final reference to the record involves the tender into evidence of the written contract between appellants and appellee. Appellants wished this introduced solely to show the "price" originally agreed upon between the parties as proof of the "fair market value" of the property.

■■■ The trial court correctly reasoned that, to permit such proof, under these circumstances, would be permitting appellants to "prove" the land was worth this high price because they themselves had once offered to pay this price—even though they had not paid the money or consummated the transaction.

Appellants cite Robards v. State, 285 S.W.2d 247 (Austin, Tex.Civ.App., 1955, ref., n. r. e.); State v. Clevenger, 384 S.W.2d 207, supra; and State v. Rankin, 445 S.W.2d 581 (Corpus Christi, Tex.Civ.App., 1969, no writ hist.) as authority that unconsummated contracts are admissible as proof of value. In neither Robards nor Clevenger was the contract sought to be introduced a contract between the same parties to the litigation, nor was it, as here, the very contract out of which the appealed litigation grew. In the Rankin opinion, the court discusses two points of error. The first of these points is similar to Robards and Clevenger, supra, however, the last point discussed in Rankin, supra, on page 585, involves an earlier contract between the State and Rankin for the identical piece of property involved in the appeal. This contract fell through and yet the State attempted to introduce its terms as proof of the value of the land. Justice Nye treated these fruitless efforts as nego-

tiations and correctly held them to be inadmissible. The same reasoning applies here.

There can be no error in excluding proffered evidence which is not admissible when offered. Thomas v. Atlanta Lumber Company, 360 S.W.2d 445 (Texarkana, Tex.Civ.App., 1962, no writ hist.); Herfurth v. City of Dallas, 410 S.W.2d 453 (Dallas, Tex.Civ.App., 1966, ref., n. r. e.).

All points of error are overruled. The judgment of the trial court is affirmed.

MASSEY, C. J., concurring.

MASSEY, Chief Justice (concurring).

I was initially concerned with the question of whether the "partial summary judgment" provisions and its preliminary adjudication awarding plaintiff a decree of specific performance should be treated as a part of the final judgment from which the appeal was taken.

If so, the case as presented would be one wherein plaintiff had a judgment for both specific performance and for general damages because of the defendants' breach of contract by failure to render such specific performance. Such a judgment would, of course, present a situation which would require that we reverse and remand.

However, by amended pleadings plaintiff went to trial on a case exclusively grounded in the defendants' breach of contract, and for general (not specific) damages occasioned by the defendants' breach of promise to pay the agreed purchase price. Wholly abandoned were plaintiff's pre-existing pleadings and prayer for relief by way of imposing by judgment a duty upon the defendants to deliver the amount of the agreed purchase price. He had obtained this relief in the "partial summary judgment" and the court's decree was never va-

cated or specifically stated as having been in any manner reformed. Though referred to by the final judgment it was not carried forward as any part of the relief decreed thereby.

Of course, the issues adjudicated by the "partial summary judgment" were unaltered, being the same whether appropriate relief be by damages or for specific performance. The findings adjudicated as part of the "partial summary judgment" were repeated and ratified in the body of the final judgment though the relief decreed therein was not made a part of the final judgment.

Already noticed is the fact that by his amended pleadings the plaintiff had abandoned any attempt to obtain specific performance by the defendants. Thus, had there been any award thereof in the final judgment there would have been no support by pleading.

Under the circumstances the situation would be analogous to one whereby the plaintiff had at a proper time made the requisite election between inconsistent remedies; were he elected to recover damages instead of obtaining the equitable order requiring defendants' specific performance; and where there had been a preliminary trial of the issues of liability in establishing right to recover whatever plaintiff might elect to receive as relief.

My conclusion is fortified by the fact that the defendants never (prior to judgment) sought any estoppel as a part of any affirmative defense or tendered any specific performance up to that time.

Informative is the latter part of McDonald, Texas Civil Practice in Sec. 17.-26.1, "Summary Judgment, (New)—B. When Summary Judgment Proper", Subdivision II, "On part of issues", and the cases cited under citations numbered 32.5 and 33.