**GULF STATES ABRASIVE MANUFAC-
TURING, INC., et al., Appellant,**

v.

**John W. OERTEL, Appellee.**

No. 15887.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 24, 1972.

Rehearing Denied Dec. 21, 1972.

Homer T. Bouldin, Wolfe & Stluka, Dan R. Wolfe, Fred F. Abbey, Houston, for appellant.

Joe W. Steelman, Houston, for appellee.

PEDEN, Justice.

Appellee John Oertel filed this suit against Gulf States Abrasive Manufacturing, Inc. and others, alleging that by cancelling his 25,000 shares of stock in the company, the defendants had converted them and breached the company's contract with him, despite his having performed his duties under the contract, namely, to help set up the company and to get it into production.

The company alleged that Oertel's certificate for 25,000 shares of company stock was void from the outset because the consideration for its issuance was a promissory note executed by Oertel in favor of Gulf States, contrary to Article 2.16 of the Texas Business Corporation Act, V.A.T.S., and Article 12, § 6 of the Texas Constitution, Vernon's Ann.St. Further, that the certificate issued to Oertel should be cancelled because of a failure, or partial failure, of consideration on his part. That he had paid only $3,400 of an agreed price of $25,000. That the certificate had been issued prematurely, and was to have been paid for out of future bonuses, if any; that Oertel ratified and confirmed this understanding as to bonuses, has accepted benefits of it, and is estopped to deny its existence.

That on discovery of the issuance of the certificate in error, after Oertel had voluntarily left his employment with the company, it had cancelled the stock and offered to cancel his $25,000 note.

That under Article XIII of the company by-laws, adopted by vote of Oertel and the other directors, the value of any stock issued to an employee who leaves the company is limited to one dollar per share. We will later discuss other pleadings filed in this case.

In response to Special Issue No. 1 the jury found that the 25,000 shares in question had been issued to Oertel in exchange for his work and expertise, contributed prior to issuance of the stock on September 28, 1965, in organizing the company and getting its product on the market. The jury did not find that Oertel was to supply any of the consideration for the 25,000 shares by rendering services after the issuance of the certificate to him. In view of its affirmative answer to the first issue, the jury was not required to answer the other issues submitted to it.

The appellant's first point of error is that the trial court erred in granting judgment for Oertel because he is barred by judicial estoppel since he alleged under oath in a federal tax court that he had received no compensation in 1965 in the form of capital stock in Gulf States Abrasive Manufacturing, Inc. for certain of his services, that the 25,000 shares of stock were not received by him in 1965, and alternatively, if such stock was received by him in 1965 it was not compensation or income. That he pleaded in the alternative that the stock had no ascertainable value when received (if it was in 1965) or since then, or only nominal value. That such pleadings are in direct conflict with Oertel's pleadings, testimony and other evidence as to whether the stock was compensation and income and as to its value.

◼ Judicial estoppel is an affirmative defense, and must be specially pleaded. Rule 94, Texas Rules of Civil Procedure; Burket v. Delaware Drilling Corp., 435 S.W.2d 307 (Tex.Civ.App.1968, writ dism.); Ward v. Fairway Oil & Gas Co., 364 S. W.2d 452 (Tex.Civ.App.1963, no writ).

◼ The appellant did not plead judicial estoppel, so it has waived it unless the issue was tried by express or implied consent of the parties under Rule 67, T.R.C.P.; the record does not show that Oertel expressly consented to trial of the issue.

"Implied consent is shown when the evidence upon the intrinsic issue is developed under circumstances making clear that the parties understood such issue was in the case, and without either party having urged the pleading defect by obtaining a ruling on an objection to the evidence, a motion for instructed verdict, an objection to the charge, or other appropriate complaint, within the time allowed by the rules."

" . . . Issues are not tried by implied consent when the evidence asserted as raising them has been elicited during the trial as relevant to the controversy made by the pleadings, and hence would not have been subject to objection when offered, and objection is raised when leave to amend is sought in order formally to present them." 2 McDonald, Texas Civil Practice 56, 58, Pleading § 5.18, citing Herrin Transportation Co. v. Parker, 425 S.W.2d 876 (Tex.Civ.App. 1968, writ ref., n. r. e.), and Jenkins v. Hennigan, 298 S.W.2d 905 (Tex.Civ. App.1957, writ ref., n. r. e.).

In our case Oertel made no objection to the introduction in evidence in the trial court of a certified copy of his sworn petition filed in the Tax Court of the United States. Since this evidence was clearly admissible against Oertel as a prior inconsistent statement, it was not subject to objection when offered. As to the issue of judicial estoppel, we find nothing in the record "making clear that the parties understood such issue was in the case." There was no occasion for Oertel to raise the lack of pleading of judicial estoppel during the trial, because no special issues concerning judicial estoppel were offered by the appellant or any other defendant, nor was leave sought to amend the pleadings in order to formally present judicial estoppel.

The appellant contends that the evidence concerning judicial estoppel was of positive, probative force and was undisputed, so it was not necessary for it to submit any issues on the matter to the jury. Be that as it may, the lack of an opportunity

on Oertel's part to object to the submission of special issues concerning judicial estoppel is not to be taken as an indication that the matter was tried with his consent. We cannot say that the record reflects that the defense of judicial estoppel was so tried.

■■ In its second point of error the appellant says the trial court erred in granting Oertel's motion in limine, which prohibited the appellant from showing certain misconduct on the part of Oertel in violation of his fiduciary duties to the appellant. We overrule this point. The appellant has not shown by bill of exception or by any other manner what evidence it would have offered had the motion in limine not been granted. Error is not preserved by the mere showing of the granting or denying of a motion in limine. Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.1963); Hudson v. Smith, 391 S.W.2d 441 (Tex. Civ.App.1965, writ ref., n. r. e.).

In its next three points of error the appellant complains that the trial court erred in adopting the report of a master (appointed by agreement to determine the value of the shares) and in entering judgment for Oertel based on the master's valuation of his shares at $2 each. Appellant says such holding is in direct conflict with Art. XIII of the company's by-laws, which gives the company exclusive right to buy the shares at $1 per share.

These are the pertinent provisions of the by-laws in question:

"(a) No shareholder may sell, transfer, or otherwise dispose of or pledge or encumber any stock of this corporation without the previous written consent of the holders of the majority of the shares of this corporation. Any transfer in violation of this article shall be null and void and of no force and effect whatsoever.

"(b) Any corporate shareholder may sell all or any part of his shares of the stock to the company for ONE DOL-LAR ($1.00) per share, which shall be paid for by the company on the following basis: One-third (⅓) of said purchase price within thirty (30) days after said selling shareholder gives notice to this company, and the balance to be paid in three (3) equal consecutive annual installments being due on the anniversary date of the cash down payment.

"(c) In the event of his death or other separation from or failure to perform his duties with this company, or incapacity of any non-corporate shareholder because of accident, injury or illness, which renders said shareholder incapable of carrying on his current duties with the company, at the discretion of the majority of shareholders, either the incapacitated or separated shareholder or his heirs shall be paid a minimum of ONE DOLLAR ($1.00) per share for the shares of said deceased, separated or incapacitated shareholder, at which time said shares shall be assigned and delivered to this company, after which time said shareholder or his heirs shall have no further interest in this company."

We overrule this point.

■■ Restrictions on the sale of corporate securities are usually regarded with disfavor and are strictly construed. Casteel v. Gunning, 402 S.W.2d 529 (Tex.Civ. App.1966, writ ref., n. r. e.). As to paragraph (a) of the by-law, the trial court's judgment fixes the damages based on the value of the shares; it does not order a sale of them.

We do not interpret the recited provisions of the by-laws to limit the value of the stock to one dollar per share. Paragraph (c) purports to authorize payment of a minimum of one dollar per share to shareholders who are separated from the company, but it does not provide for a determination of how much more than that is to be paid. This is a minimum, not a maximum price, and we hold that the by-law is not in conflict with the value of the stock as determined by the trial court.

**188**

The appellant also complains that the trial judge erred in not sustaining its objections to the master's report because the report failed to apply certain accounting methods and considerations. We find no merit in this complaint. The parties stipulated in open court, before appointment of the master, that if the plaintiff prevailed "the amount found by the master and the amount of the judgment entered by the court will be the damages sustained."

Appellant's last five points of error allege that the trial court erred in striking certain of its cross-action pleadings and in refusing to permit consolidation of this suit with one which Gulf States, the appellant here, had filed under cause number 750,269 in the District Court of Harris County against John W. Oertel and others. In that suit it alleged that Oertel had breached his confidential and fiduciary relationship as a director and vice president of Gulf States by organizing a competing company, Abrasives, Inc., was unfairly competing with Gulf States and had taken its trade secrets. Having unsuccessfully sought to consolidate that suit with this one, Gulf States then filed like allegations in the instant case in the nature of a cross-action, and now complains of the trial court's having sustained Oertel's motion to strike it.

The key issue in the action filed by appellee is whether he fully performed certain services in consideration for and prior to the issuance of his stock certificate. Clearly appellee could not receive a valid certificate for his stock shares until he had paid full consideration for the shares. Tex.Bus.Corp.Act, Art. 2.16.

We find no error in the trial court's ruling that the cross-action dealt with transactions not arising out of the agreement whereby Oertel was to earn stock in Gulf States Abrasive Manufacturing, Inc., so we find no merit in appellant's contention that the cross-action amounted to a compulsory counterclaim under the provisions of Rule 97. For the same reason we hold that the trial court did not abuse its discretion in refusing to consolidate the two suits.

Affirmed.