**Varina ULRICKSON, Individually and as Next Friend for Eunice Mae Hawkins, Appellant,**

**v.**

**William King HAWKINS, Appellee.**

**No. 2–84–259–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 10, 1985.

Callaway & Marshall, Clyde M. Marshall, Jr., Fort Worth, for appellant.

Gandy, Michener, Swindle, Whitaker & Pratt, J. Shelby Sharpe, Livingston, Todd-Bruse & Hardy, P.C., Terrie Livingston, Fort Worth, for appellee.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION ON REHEARING

BURDOCK, Justice.

Our previous opinion and judgment dated August 8, 1985 is hereby withdrawn and the following is substituted therefor.

This is an appeal from the order appointing appellee, William King Hawkins, guardian of the person and estate of his mother, Eunice Mae Hawkins, whose daughter, Varina Ulrickson, had opposed the application for guardianship and in the alternative, had sought to be appointed guardian.

We reverse and remand.

Appellee, William King Hawkins, filed an application in the probate court for appointment without hearing as temporary guardian of the person of his mother and, after hearing, to be appointed permanent guardian of both person and estate. On the same day the probate court entered an order appointing appellee temporary guardian of the person with the authority to move his mother "from wherever she may be found to Arlington Heights Nursing Center pending further orders of the court", an attorney ad litem was appointed for Mrs. Hawkins.

Subsequently, appellant, Varina Ulrickson, individually and as next friend of her mother, filed pleadings contesting the necessity of guardianship, and alternatively seeking only a limited guardianship as an incapacitated person, opposing the qualifications of William King Hawkins as guardian and urging her own qualifications to be appointed guardian. There were intervening proceedings in the nature of injunction and contempt which highlight the conflict between the brother and sister regarding the welfare of their mother.

After a jury trial which lasted four days, and upon special issue findings favorable to appellee, an order was entered denying the opposition of appellant, denying her application for appointment and appointing William King Hawkins guardian of the person and estate of Eunice Mae Hawkins.

Appellant's first point of error is presented as follows:

"The trial court erred in submitting Special Issue No. 1 to the jury so worded as to ask if Eunice Mae Hawkins "remains a person of unsound mind, " over Appellant's timely objection, for each of the following reasons:

(a) It was a false statement of both fact and law to the jury, implying that Mrs. Hawkins had already been proved and adjudicated to be of unsound mind, which was not so and contrary to the evidence;

(b) It was a prejudicial comment upon the weight of the evidence and credibility of witnesses, implying falsely that the evidence showed Mrs. Hawkins was previously of unsound mind, and that any witness testifying to the contrary, either law or expert, was not to be believed; and

(c) It completely relieved Appellee of his legal burden to prove that Mrs. Hawkins was of unsound mind as alleged in his application, had placed the unlawful and unfair burden on Mrs. Hawkins and Appellant to prove not only that she was of sound mind, but

had been *restored to sound mind,* which was not an issue in the case."

Special Issue 1, which was answered affirmatively, follows:

> "Do you find from a preponderance of the evidence that Eunice Mae Hawkins remains a person of unsound mind?"

Upon appellant's objection to the wording of the special issue, the trial court expressed its opinion that it had previously found the ward to be incompetent at the time of appointing a temporary guardian and "since that day forward the ward has been judicially declared to be incompetent."

Appellant points out that Section 114 of the Texas Probate Code places the burden on the applicant for guardianship to prove that the alleged ward is a person of unsound mind as a condition precedent to appointment of a guardian, if that is the ground upon which guardianship is sought. TEX.PROB.CODE ANN. sec. 114 (Vernon 1980). She argues further that an order for temporary guardianship under the provisions of Sections 130 and 131 of the Probate Code, without notice or citation, is not final, is not a judicial declaration of incompetency and is not even admissible in evidence on such an issue. TEX.PROB.CODE ANN. secs. 130, 131 (Vernon Supp.1985). We are directed to *Houston Bank and Trust Company v. Gabriel J. Lee et ux,* 345 S.W.2d 320 (Tex.Civ.App.—Houston 1961, no writ) as authority for such contention. There, regarding an order appointing a temporary guardian, it was said:

> The order of the County Court of Harris County was authorized by the Probate Code, however it was not a final judgment, and did not "judicially declare" Gabriel J. Lee, Sr., incompetent as that term is used in Section 158 of the Probate Code. By the terms of Section 131, *supra,* other proceedings were contemplated and necessary before the judgment became final. The case of *McGee v. State,* 155 Tex.Cr.R. 639, 238 S.W.2d 707, is not applicable under the present law. Constitution of Texas, Article 1,

sec. 15–a, Vernon's Ann.St.; Texas Probate Code, Sec. 21.

*Id.* at 324.

In reply, appellee points to the fact that in the case at bar, the order appointing him temporary guardian was admitted in evidence before the jury and the jury was thus "apprised of the fact that a judicial determination, though not a final one, had been made that Eunice Mae Hawkins was a person of unsound mind." We disagree. The order in question does not contain any language regarding the competency of the ward, its pertinent provisions being:

> "... the Court finds that it has jurisdiction and venue of these proceedings; *that Eunice Mae Hawkins is in need of having a Temporary Guardian of her Person appointed;* that it is in her best interest that William King Hawkins be appointed as Temporary Guardian of her Person with the sole responsibility to have Eunice Mae Hawkins returned to the Arlington Heights Nursing Center until further orders of the Court; that William King Hawkins is not disqualified by law from accepting appointment as Temporary Guardian of the Person of Eunice Mae Hawkins and is qualified to accept such appointment and to receive letters of temporary guardianship; ..." [Emphasis added.]

It is therefore clear that the jury could not have known from that source that Ms. Hawkins had theretofore been judicially declared to be incompetent.

Moreover, in a proceeding such as this, wherein the threshold question is whether the prospective ward is a person of unsound mind, the issue requires submission to the jury untainted by a disclosure of temporary rulings on such issue. *See In Re Guardianship of Dahl,* 590 S.W.2d 191, 195 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). We therefore must hold that the inclusion of the word "remains" in Special Issue No. 1 constitutes a clear inference that the very issue of competency being submitted to the jury had been previously established. Therefore, the submission of such issue over objection was im-

proper. For all of the reasons assigned in appellant's first point of error, the point is sustained.

■ Appellant's second, third and fourth points pertain to the court's refusal to submit special issues bearing upon her alternative request for a limited guardianship. Prior to trial appellant had pled essentially that her mother was not in need of a guardianship of her person or estate, but if a guardian was needed, she, appellant, should be appointed. By trial amendment, her pleadings were enlarged to include only a limited guardianship as provided for in TEX.PROB.CODE ANN. sec. 130A, et seq. as amended. The amendment to her pleadings substantially tracked the provisions of TEX.PROB.CODE ANN. sec. 130C, as to the requirements of a petition for a limited guardianship for an incapacitated person as opposed to a person of unsound mind.

The trial court, however, rejected appellant's requested issues as bearing on the incapacitated person theory and exception was taken because the charge failed to submit any issues on appellant's theory.

Appellee seeks to justify the failure to submit such special issues on the grounds of certain alleged deficiencies in appellant's trial amendment pleadings. The position is untenable because no exception was taken to the pleadings nor was objection lodged to any of the evidence offered by appellant on the grounds that it was not supported by proper pleadings. We hold that the issues raised by appellant were tried by implied consent in these circumstances. TEX.R.CIV.P. 67. *See also Gulf States Abrasive Manufacturing, Inc. v. Oertel*, 489 S.W.2d 184, 186 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.).

It must follow that, if there was evidence to support the special issues, the trial court's refusal to submit such issues constituted reversible error. *Southwestern Bell Tel. Co. v. Thomas*, 554 S.W.2d 672, 674 (Tex.1977); *General Electric Co. v. Schmal*, 623 S.W.2d 482 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.); *Thomas v. St. Joseph Hospital*, 618 S.W.2d 791, 795 (Tex.

Civ.App.—Houston [1st Dist.] 1981, no writ). We think there was some evidence. Appellant's witnesses were Dr. Bob L. Carpenter, a clinical psychologist possessing impressive credentials, Judy Ellen Scoggin, a registered nurse, Dr. E. Richard Halden, Jr., a practicing physician since 1954, and John Ulrickson.

Dr. Carpenter saw Mrs. Hawkins twice at the Arlington Heights Nursing Home. He testified that in his opinion she was mentally competent, and was very good with past memory but had some difficulty with present, current memory, which would interfere with her living alone because of the physical dangers in her environment such as lighting a stove, leaving doors unlocked and so on. He recommended a limited guardianship.

Nurse Scoggins testified that she had known Mrs. Hawkins and Ms. Ulrickson for many years. She stated that Mrs. Hawkins had short-term memory problems and could not live alone and care for herself but that she would be better off living with someone who would assist her with food and medication. Her opinion was that Mrs. Hawkins was not a person of unsound mind but that a limited guardianship would be appropriate for her. Dr. Halden, who interviewed and examined Mrs. Hawkins testified that she suffered mild senility. Even nurse George, appellee's witness, testified that "she can dress and feed herself". He further testified that "[s]he goes where she wants to up and down the halls and read (sic) what she wants to and watches television ... "[S]he gets along very well with most of the residents at the facility. She goes down at lunch time and plays the piano while the others are, you know, eating and she'll go and dine with her friends around the table. And they love her piano playing." Appellant's second, third and fourth points are sustained. Because of our disposition of the above points of error it is unnecessary to discuss the remaining points.

The judgment is reversed and the cause is remanded to the trial court.

## ON MOTION FOR REHEARING

■ Appellee, William King Hawkins, has filed a motion for rehearing in which he urges that upon remand, the issue of appellant Varina Ulrickson's qualification to serve as guardian should not be retried, since the jury found her to be disqualified and, on appeal, such finding was not attacked by any point of error. We agree. The failure to secure a jury finding upon a proper special issue regarding the necessity of guardianship does not necessarily require a retrial of appellant Ulrickson's application to be appointed guardian. Fact issues as to her qualification to act as guardian clearly may be separated from the other issues bearing upon the necessity of guardianship. Since the two issues are separable and there has been an unchallenged jury finding upon the issue of appellant Ulrickson's qualifications, TEX.R. CIV.P. 434 permits the denial of a retrial of that matter upon remand of the case.

The remaining contentions advanced by appellee in the motion have been carefully considered and we decline to alter the foregoing opinion except that the last sentence thereof is withdrawn and the following sentence is substituted therefor: "The judgment is reversed and the cause remanded to the trial court with instructions that the alternative pleadings of appellant Ulrickson requesting to be appointed guardian be stricken with prejudice to refiling."

HILL, J., recused.