DIMMIT SUPPLY CO. et al. v.
EARDLEY et al.

No. 12297.

Court of Civil Appeals of Texas.
San Antonio.
June 27, 1951.

Farrow & Johnson and Petry & Dean, all of Carrizo Springs, for appellants.

B. A. Greathouse, W. F. Nowlin, Morriss, Morriss & Boatwright, all of San Antonio, for appellees.

NORVELL, Justice.

The following from appellees' brief accurately states the case: "Elizabeth M. Eardley and Belle Eardley were co-partners in the partnership of A. Eardley & Company. Elizabeth M. Eardley brought suit in the District Court of Dimmit County, Texas, as plaintiff, against Belle Eardley as defendant, asking for the dissolution of that co-partnership and for the appointment of a receiver incident thereto. The Honorable R. T. Hall and Joe L. Gardner were appointed as receivers in that cause. A number of unsecured creditors of one Roy R. Mogford, including appellants, filed interventions in that cause, seeking to subject appellees to liability for the payment of those unsecured obligations. Among such interventions was one filed by Booth Fisheries Corporation. At a time when all of appellants' claims of intervention were pending, the similar claim of Booth Fisheries Corporation was tried. * * * On the trial of the Booth Fisheries claim, after the evidence was closed, the trial court removed the case from the jury and rendered judgment in favor of appellees. An appeal was taken from that judgment and the case on appeal was sent to the El Paso Court of Civil Appeals, where the judgment of the trial court was affirmed in a carefully prepared exhaustive opinion that disposes of every issue in this case. Booth Fisheries Corporation v. Eardley et al., Tex.Civ.App., 233 S.W.2d 872 (writ of error refused by the Supreme Court). After the appeal in the Booth Fisheries Corporation claim had been finally disposed of, the trial court consolidated all of the remaining thirty-three unsecured claims for trial. On the hearing of those consolidated claims the statement of facts in the Booth Fisheries claim was, by stipulation, adopted and made a part of the record. At the close of the evidence on the consolidated hearing, the court removed the cases from the jury and rendered judgment in favor of appellees."

Twelve of said unsecured claimants have appealed.

For a more complete and detailed statement of the factual background of controversy, we refer to the opinion in Booth Fisheries Corporation v. Eardley, Tex.Civ. App., 233 S.W.2d 872, above mentioned. As stated in the report of said case, it appears that Roy R. Mogford diverted and used in his own business and undertakings, funds and assets of A. Eardley Company in excess of $300,000. Mogford and wife conveyed all the property held by them, except their homestead, to Elizabeth M. Eardley and Belle Eardley, the members of the copartnership of A. Eardley Company.

Appellants contend that this case is distinguished from the Booth Fisheries case in that they were prepared to show that the materials and services upon which their respective claims are based were "used in and for the purpose of adding to the value of the properties which were later, on November 5, 1947, transferred by Mogford to the Eardleys." It seems as if objection to this species of testimony was made and sustained by the court, but there is no showing of what the testimony would have been had the witnesses been allowed to testify with reference to the matter. Essentially the same situation exists as to an offer of appellants to show that those claimants who operated locally relied primarily upon the credit of A. Eardley Company in furnishing services and

materials to Mogford, although he was doing business as Roy A. Mogford, Mogford Production Company and Mogford Food Industries.

However these matters may be, the primary contention of the parties is clear. Appellees say this case is controlled by the Booth Fisheries case, while appellants contend that it is distinguishable therefrom because the services and materials represented by their respective accounts were used to increase the value of the property described in the deed from Mogford to Elizabeth M. Eardley and Belle Eardley. There is no basis in the evidence that either of these ladies ever ratified the accounts sued upon or did anything that would lead a person dealing with Mogford to believe they were liable therefor. These matters are settled by the decision in the Booth Fisheries case.

Although appellants in one of their points assert that the conveyance from Mogford to the Eardley ladies constituted a preference, they made no attempt to have the same set aside. They state they do not contend that the deed was fraudulent, but assert that as the materials and services represented by their accounts were used for the purpose of adding to the value of properties which Mogford later transferred to the Eardleys, Mogford "was acting as the duly authorized agent of the Eardleys." Particular stress is placed upon the recitations in the deed of November 5, 1947, wherein it was stated that:

"Whereas, in truth and in fact all of the real estate and all personal property, including farm equipment and farm machinery, as well as cattle and other livestock, standing in our names, or in the names of either of us, upon the records of deeds or other records in the office of the County Clerk of Dimmit County, except the property herein specifically described, has been and now is held by us in trust for Elizabeth M. Eardley, a widow, and Belle Eardley, likewise a widow, and both of Dimmit County, Texas. And

"Whereas, we now desire to make the record speak the truth and to place the record title to such real estate and personal property hereby conveyed in the names

of the rightful and true owners thereof."

The evidence conclusively shows in this case, as it did in the Booth Fisheries case, that the trust referred to by the recitations in the deed above set out was a trust arising by operation of law and not by contract. Bogert, Trusts and Trustees, § 483. Mogford was a trustee ex maleficio and not clothed with the authority of an agent to bind the Eardley widows upon accounts and debts incurred by him.

Appellants have failed to show that their claims stand upon any different basis than the one asserted in the Booth Fisheries case. The judgment is accordingly affirmed.