## EARDLEY et al. v. EARDLEY et al.
### No. 12469.

Court of Civil Appeals of Texas. San Antonio.

Nov. 26, 1952.

Moursund, Ball, Moursund & Bergstrom, San Antonio, for appellants.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This suit began by an instrument styled, Receivers' Report, Re: Stock. In 1947 the partnership of A. Eardley Company, composed of Mrs. Elizabeth M. Eardley and Belle Eardley, was placed in the hands of two receivers, R. T. Hall and Joe L. Gardner. There has been litigation heretofore with reference to the receivership of this partnership. See, Booth Fisheries v. Eardley, Tex.Civ.App., 233 S.W.2d 872, and Dimmit Supply Company v. Eardley, Tex. Civ.App., 241 S.W.2d 648. The A. Eardley Company partnership was a large concern and owned a great deal of property in Carrizo Springs and Dimmit County, and also had a great many debts at the time the receivers were appointed. The receivers have sold considerable property and paid off numerous debts of said company. On April 21, 1952, the receivers filed the above referred to instrument. The effect of this instrument was to ask the approval of the District Court of Dimmit County of the sale of 231 shares of capital stock of the Citizens State Bank of Carrizo Springs, Texas, allegedly belonging to the partnership of A. Eardley Company. When this application was presented to the District Judge of Dimmit County he set the matter down for a hearing in the District Court room of the Court House of Webb County, Texas, on the 1st day of May, 1952, and ordered the Clerk of the District Court of Dimmit County to issue notices to Mrs. Elizabeth M. Eardley, Mrs. Belle Eardley, Edwin E. Eardley and Wilburn Eardley, all of Dimmit County, Texas, and J. H. Bain of Wilson County, Texas, requiring them to show cause, if any they had, why the

sale of the stock should not be made. On April 30, 1952, Elizabeth M. Eardley, Edwin E. Eardley and J. H. Bain filed sworn answers to the application of the receivers to sell the 231 shares of stock. The answer of Edwin E. Eardley challenged the jurisdiction of the court over him, inasmuch as he had never been a party to the receivership proceedings, and further alleged that he was the owner of one-half of the 231 shares of stock and, therefore, the court was without authority to order same sold as an asset of the partnership of A. Eardley Company.

The answer of Mrs. Elizabeth M. Eardley alleged that the 231 shares of stock were never any part of the partnership of A. Eardley Company. The answer of J. H. Bain consisted of a plea of privilege to be sued in Wilson County, and further alleged that he had purchased 100 shares of this stock and that he was the owner of the same. Attached to his answer were two contracts under which he had allegedly purchased this stock. One contract conveyed to him seventy-six shares of the stock and the other, twenty-four shares. These contracts were signed by J. H. Bain, party of the first part, and Edwin E. Eardley and Wilburn Eardley, parties of the second part. The contracts provided for what is called a re-purchase agreement, and in the event the stock was re-purchased it was to be conveyed by Bain to Mrs. Elizabeth M. Eardley and Mrs. Belle Eardley. The Mesdames Eardley signed an instrument approving, agreeing to and consenting to the contracts.

On May 1, 1952, the trial court held a hearing on this matter in the Court House of Webb County, Texas, and after hearing considerable testimony overruled the plea of privilege of J. H. Bain, and further ordered the sum of $13,543.71 paid into the registry of the court, which was agreed to be the correct amount due to J. H. Bain if the repurchase agreement was to be enforced, and which sum Bain refused to accept. The court further found that Elizabeth M. Eardley and Belle Eardley were the beneficial owners of the 231 shares of stock of the Citizens State Bank of Carrizo Springs, Texas, and ordered this

stock sold to Herbert C. Petry, Jr., Trustee, at $220.00 per share, or the sum of $50,820.00 cash. J. H. Bain and Elizabeth M. Eardley and Edwin E. Eardley each gave notice of appeal from this order. However, J. H. Bain later accepted the money tendered to him and did not join in the appeal which Elizabeth M. Eardley and Edwin E. Eardley have prosecuted.

It is undisputed that at the time the receivers were appointed to take over the business of A. Eardley Company, the shares of stock herein involved were held by the Bexar County National Bank of San Antonio, except ten shares, which were held by the Citizens National Bank at Carrizo Springs. The receivers filed an inventory of the assets of A. Eardley Company in which they did not list the stock as an asset of the corporation, nor did they list the debts for which the stock was later sold. After the receivers were appointed the Bexar County National Bank of San Antonio foreclosed on the stock and purchased the same itself. Later the bank permitted Edwin E. Eardley and Wilburn Eardley to sign notes for the indebtedness to the bank and the bank transferred to each one of them one-half of the stock. At the trial Wilburn Eardley testified that his mother, Belle Eardley, was the beneficial owner of the stock which stood in his name and that he was not the actual owner of the stock. His mother, Belle Eardley, testified to the same facts, and so it was unquestionably established that the shares of stock held by Wilburn Eardley were owned by Belle Eardley.

The evidence, however, is not sufficient to show that the stock which stood in the name of Edwin E. Eardley was not owned by him. Neither Edwin E. Eardley, Mrs. Elizabeth M. Eardley nor J. H. Bain appeared at the trial nor gave testimony. There was no direct evidence that Edwin E. Eardley was holding his stock as trustee for his mother, Elizabeth M. Eardley. The appellees undertake to establish such fact by indirect testimony. It seems that shortly after Joe L. Gardner and Robert T. Hall were appointed receivers of the A. Eardley Company there was an audit made concern-

ing this company. This audit was not introduced in evidence, in whole or in part, and can not constitute any proof herein as to who was the beneficial owner of the stock which stood in the name of Edwin E. Eardley. The audit would not be binding upon people who were not parties to the receivership. The burden of proof was upon the receivers to prove that this stock which stood in the name of Edwin E. Eardley was in fact owned by the partnership of A. Eardley Company. Amerada Petroleum Corp. v. Massad, Tex. Civ.App., 239 S.W.2d 730, 731. The proof in this case does not discharge that burden. Wilburn Eardley testified that he had heard Edwin E. Eardley admit that he was holding this stock in trust for his mother. Joe Gardner, one of the receivers, gave similar testimony, but such evidence in itself is insufficient to establish that Edwin E. Eardley was merely a trustee holding this stock for the benefit of his mother. There is general testimony in the record to the effect that it was understood that this stock belonged to the Mesdames Eardley and that they were the beneficial owners thereof, but such testimony was objected to as being a conclusion and hearsay, and was incompetent to establish the fact of Edwin E. Eardley's trusteeship. The two contracts or agreements which Wilburn and Edwin signed with J. H. Bain conveyed to him the 100 shares of this stock, subject to the so-called re-purchasing agreement, providing that if Bain was repaid the money he was paying for this stock, the 100 shares of stock held by him should be transferred to the Mesdames Eardley. Mrs. Belle Eardley testified that while they were executing the agreements with Bain about the purchase of the stock the statement was made to the effect that she and Miss Lizzie (Elizabeth) were the beneficial owners of this stock. But it is not shown that Edwin was present when this statement was made, or that it was in any way binding upon him.

However, even if the evidence be regarded as sufficient to show that Edwin E. Eardley was only a trustee, and that he was holding this stock for his mother, who was the beneficial owner thereof, still the proof fails to show that such stock was an asset of the partnership of the A. Eardley Company, but would rather tend to prove that this stock was owned individually by Mrs. Elizabeth M. Eardley. The stock was never listed as an asset of the partnership. It was further shown that both of the Mesdames Eardley owned property that was not a part of the partnership assets. Appellees' attorneys make broad statements to the effect that all of the property held by the Mesdames Eardley was the property of A. Eardley Company, but the record simply does not establish this fact.

The receivers would have no authority to sell this stock unless it was in fact the property of A. Eardley Company, and inasmuch as the proof fails to establish that fact the trial court did not have authority to direct the receivers to sell the stock which was claimed by Edwin E. Eardley.

We might affirm that part of the order which directs the stock shown to be owned by Mrs. Belle Eardley to be sold, but we cannot presume that the court would have ordered only that part of the stock belonging to her sold, and, furthermore, the offer to purchase this stock, which was made by H. C. Petry, Jr., Trustee, was to purchase the 231 shares of stock, and we cannot presume that he would pay the same price per share for only half of this stock.

Accordingly, the order of the district court directing the receivers to sell the 231 shares of stock is reversed and the cause remanded to the trial court.

Reversed and remanded.