# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00183-CV

**Michael Keith Hahn, Appellant**

**v.**

**Railroad Commission of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-06-000479, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In November 2001, Core E&P Corp. filed a P-5, an "organization report" required from companies seeking to perform operations within the Railroad Commission's jurisdiction, *see* Tex. Nat. Res. Code Ann. § 91.142 (West Supp. 2008), listing appellant Hahn as its president. In December 2001, Core filed documentation showing that Hahn owned 100% of Core's stock. In May 2002, a receiver was appointed to manage Core's assets; in late May, Hahn resigned as president; and in June 2002, Core entered into bankruptcy and a trustee was appointed. On September 22, 2003, the Commission signed an order finding that Core had violated statewide Commission rules: (1) on July 1, 2002, Core's P-5 became delinquent[1] and was still delinquent on September 22, 2003, the date of the Commission's order; (2) two wells, in which Core had claimed

---

[1] The Commission's rules require an organization to refile its P-5 organization report annually, according to a schedule assigned by the Commission, as well as within fifteen days after a change in any information required to be in the report. 16 Tex. Admin. Code § 3.1(a)(7) (2009).

a lease interest beginning January 1, 2002, had not been properly plugged, resulting in likely contamination of groundwater; and (3) required signs were missing from the two lease sites. Hahn maintained ownership of all of Core's stock until February 2005, when he surrendered or donated his stock to the bankruptcy trustee.

In December 2003, Preferred Pipeline attempted to file its P-5 with the Commission, but the Commission refused to accept it because Hahn owns Preferred Pipeline, and the natural resources code bars the Commission from accepting a P-5 from a company owned or controlled by someone who within the previous seven years owned or controlled a company found to have violated Commission rules. *See id.* § 91.114(a) (West Supp. 2008). Hahn filed a motion asking the Commission to remove his permitting disqualifications and to remove his name from Core's P-5. Following a hearing, the hearing examiner issued a proposal for decision (PFD) recommending that the Commission deny Hahn's requests. The Commission adopted the PFD and entered a final order denying both of Hahn's requests. Hahn sought judicial review in the trial court, which affirmed the Commission's order. We affirm the trial court's final judgment.

**Standard of Review**

If the law provides for judicial review of an agency decision but does not specify the scope of review, the substantial evidence rule applies. Tex. Gov't Code Ann. § 2001.174 (West 2008). In reviewing an agency decision under the substantial evidence standard, we presume that the order is valid and supported by substantial evidence, and the complaining party has the burden of showing otherwise. *Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 510 (Tex. App.—Austin 2007, no pet.). "Construction of a statute by the administrative agency charged

2

with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993); *see Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994); *Bexar Metro. Water Dist. v. Texas Comm'n on Envtl. Quality*, 185 S.W.3d 546, 550 (Tex. App.—Austin 2006, pet. denied); *Beyer v. Employees Ret. Sys.*, 808 S.W.2d 622, 628 n.4 (Tex. App.—Austin 1991, writ denied) (courts ordinarily uphold construction placed on statute by agency charged with statute's administration, if statute is uncertain and construction is reasonable; deference to agency's construction is "founded upon the theory that the agency likely has superior knowledge of the subject matter involved and superior experience in dealing with practical problems raised by the statute"). We give great weight to the agency's interpretation of its own rules and regulations, although such interpretation is not binding on this Court, and limit our consideration to whether the interpretation is plainly erroneous or inconsistent with the language of the rules. *Public Util. Comm'n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991); *Bexar Metro. Water Dist.*, 185 S.W.3d at 550-51. "The agency responsible for regulating an industry must be afforded sufficient flexibility to determine and carry out its clear legislative mandate." *Bexar Metro. Water Dist.*, 185 S.W.3d at 551.

Section 91.114 of the natural resources code provides that the Commission may not accept a P-5 from an organization if "a person who holds a position of ownership or control in the organization has, within the seven years preceding the date on which the report, application, or certificate is filed, held a position of ownership or control in another organization and during that period of ownership or control the other organization violated a statute or commission rule, order,

license, permit, or certificate that relates to safety or the prevention or control of pollution." Tex. Nat. Res. Code Ann. § 91.114(a)(2). A person holds a position of ownership or control if he is the company's officer, director, general partner, or trustee, the owner of a sole proprietorship, or owns "at least 25 percent of a beneficial interest" in the company. *Id*. § 91.114(c)(1).

### Did Hahn Have Ownership Of Core E&P?

In his first issue, Hahn contends that section 91.114 should not apply to him because he did not have ownership or control of Core at the time Core violated the Commission's rules. The determinative issue is whether Hahn's ownership of 100% of Core's stock at the time Core was found to have violated the rules amounts to "ownership or control" under the natural resources code. The answer to that question depends on whether ownership of Core's stock equates to ownership of a beneficial interest. *See id.* Hahn insists that ownership of stock is not the same as ownership of a beneficial interest, while the Commission asserts that the phrase "beneficial interest" should be read more broadly. Hahn argues that he was not in a position of control over Core at the time of the violations, and the Commission concedes that Hahn did not have control over Core.[2] That, however, is not the issue. Section 91.114 applies to someone who has control *or ownership* of a company

---

[2] Hahn also notes that in March 2004, the bankruptcy court presiding over Core's bankruptcy proceeding signed an order finding that after June 20, 2002, Hahn was "not responsible for the corporate affairs of Core, [was] not in control of the corporate assets of Core, never executed actual control over Core, could not assume such control and [was] unable and without authority to respond to any actions solely against Core." Hahn argues that the bankruptcy order "excludes the application of § 91.114(c)(2) to Hahn," and that the Commission "is precluded by law from re-litigating" the bankruptcy court's findings. However, the question of control is distinct from ownership, and the bankruptcy order, assuming it has any applicability in this proceeding, addresses only whether Hahn had control over Core and does not address his ownership of Core stock.

found to be in violation of Commission rules. We hold that Hahn's ownership of 100% of Core's stock amounts to ownership of a beneficial interest in the company.

Until 1997, the natural resources code defined someone who has ownership or control as an officer, director, general partner, designated trustee of the organization, owner of a sole proprietorship, or "the owner of more than a 25 percent *ownership* interest." Act of May 2, 1997, 75th Leg., R.S., ch. 121, § 1, 1997 Tex. Gen. Laws 231, 231-32 (emphasis added). In 1997, the legislature amended section 91.114(c) to define someone with ownership or control as a company's officer, director, general partner, or trustee, the owner of a sole proprietorship, or someone who owns "at least 25 percent of the *beneficial* interest" in the company. *Id*. (emphasis added) (codified at Tex. Nat. Res. Code Ann. § 91.114(c)(1)). The legislature observed that the amendments were necessary because the statute as originally enacted "is not flexible and is not effective against violators." House Committee on Energy Resources, Bill Analysis, Tex. S.B. 639, 75th Leg., R.S. (1997). The bill analyses state that the change in the definition of "ownership or control" to address a "beneficial" interest rather than an "ownership" interest:

> [p]rovides that regardless of whether the person's name appears or is required to appear on the organization report . . ., a person holds a position of ownership or control in an organization if, among other options, the person is the owner of at least, rather than more than, 25 percent of the beneficial, rather than ownership, interest in the organization; or the person has been determined by a final judgment or final administrative order to have exerted actual control of the organization.

*Id*.; *see* Senate Committee on Natural Resources, Bill Analysis, Tex. C.S.S.B. 639, 75th Leg., R.S. (1997) (providing same explanation). The record also includes notes by the Commission related to the bill analyses in which the Commission observed that the new definition of "ownership or

control" "slightly expands the persons within the definition of 'position of ownership or control' to encompass situations where the P-5 officers are found to be fronts for the real party in interest."

Hahn essentially argues that the current definition of ownership or control encompasses those who have actual control over a company's operation or an indirect or equitable interest in the company, not to those who have actual ownership of the corporation itself. For support, he points to legal definitions in Black's Law Dictionary of "beneficial interest," "beneficial owner," "ownership," and the like. It is true that Black's defines "beneficial interest" as a "right or expectancy in something . . . as opposed to legal title." Black's Law Dictionary 149 (7th ed. 1999). However, Webster's Dictionary defines "beneficial" as "conferring benefits" or "receiving or entitling one to have or receive . . . advantage, use, or benefit." Webster's Third New Int'l Dictionary 203 (1986); *see also* American Heritage Dictionary 123 (1973) (defining beneficial as "[r]eceiving or having the right to receive proceeds or other advantages").

More importantly, although there are cases in which a person is observed to have a beneficial interest in a company while a trustee maintains corporate shares on the interest-holder's behalf, *see, e.g.*, *Cortez v. Cortez*, 457 S.W.2d 131, 131-32 (Tex. Civ. App.—San Antonio 1970, no writ); *Coleman v. Kettering*, 289 S.W.2d 953, 956 (Tex. Civ. App.—Galveston 1956, no writ); *Eardley v. Eardley*, 253 S.W.2d 69, 71 (Tex. Civ. App.—San Antonio 1952, no writ), many other cases refer to a shareholder or stockholder as having a beneficial interest in a company. *See McAlister v. Eclipse Oil Co.*, 98 S.W.2d 171, 176 (Tex. 1936) ("[S]trictly speaking, the ownership of the stock does not carry with it the equitable title to the corporate property. This simply means, however, that the stockholders have no right to require the corporation to convey to them the legal

6

title to the corporate property. In a larger or real sense the stockholders of a corporation are the beneficial owners of its corporate properties."); *Automobile Mortgage Co. v. Ayub*, 266 S.W. 134, 135-36 (Tex. 1924) (stating that stockholder is beneficial owner of corporate assets and does not have direct interest in corporate property; while company is operating, company has title of corporate property; stockholder has equitable right to corporate assets if company ceases to operate and assets remain after creditors are satisfied); *McClory v. Schneider*, 51 S.W.2d 738, 741-42 (Tex. Civ. App.—Amarillo 1932, writ dism'd w.o.j.) (stockholder "owns no part of the capital, and is not the owner nor entitled to the possession of any definite portion of its property or assets"; stock purchaser does not acquire title to corporate property but simply acquires "beneficial interest" in company); *see also Humble Oil & Ref. Co. v. Blankenburg*, 235 S.W.2d 891, 894 (Tex. 1951) ("As the owner of 90 shares of the stock petitioner is the beneficial owner of its proportionate part of the corporation's assets and thus is the beneficial owner of an undivided interest in the property for which it sues."). Finally, the Commission's rules define "owning or controlling an organization" to include officers, directors, general partners, sole proprietors, or trustees, someone who has been determined by final judgment or administrative order to have exercised control, or "owners of more than 25% ownership interest" in the company. 16 Tex. Admin. Code § 3.78(a)(8) (2009).

Hahn argues that he did not have a "beneficial interest" in Core when he owned 100% of Core's 1,000 shares of stock, but that he would have had a beneficial interest if he had owned a portion of a company that owned Core stock. It would defy logic for us to agree that Hahn had "ownership" of Core if he owned an indirect interest but not when he personally owned all of Core's stock. The 1997 amendment was intended, as Hahn points out, to allow the Commission to be more

7

effective and flexible in stopping rule violations. We agree with the hearing examiner's observation that Hahn's interpretation "would operate as a greater handicap to the Commission than the pre-1997 version," "is the narrowest possible interpretation of the statutory language, and . . . would severely restrict the Commission's efforts to deny permits to non-compliant operators." Hahn's interpretation would result in the Commission being able to penalize only a small subset of interest-holders and would exclude those with outright ownership from enforcement.

We hold that substantial evidence supports the Commission's determination that Hahn was a person who held a position of ownership of Core at the time Core was found to be in violation of the Commission's statewide rules. The Commission's interpretation of section 91.114(c) is not unreasonable or illogical and is in keeping with the legislative intent behind the 1997 amendments to make section 91.114 more flexible and effective. We overrule Hahn's first issue.

**Should The Commission Remove Hahn's Name From Core's P-5?**

In his second issue, Hahn contends that the Commission's refusal to remove his name from Core's P-5 is arbitrary and not supported by the evidence. We disagree. Hahn was not an officer of Core at the time of the rules violations. However, he owned 100% of Core's stock, which he held until February 2005, more than two years after the Commission's final order. Section 91.142(a)(5) requires a company performing operations within the Commission's jurisdiction to file an annual P-5 report naming all officers and directors. Tex. Nat. Res. Code Ann. § 91.142(a)(5) (West Supp. 2008). The Commission's rules, which go into more detail about the contents and form of P-5 reports, require a company's P-5 to name "each officer, director,

8

general partner, *owner of more than 25% ownership interest*, or trustee." 16 Tex. Admin. Code § 3.1(a)(4) (2009) (emphasis added). Hahn was president of Core in December 2001, when the last complying P-5 apparently was filed, and although he resigned from a leadership position in May 2002, he retained 100% ownership of Core's stock until more than two years after the Commission determined Core had violated statewide rules. In fact, at the time he filed his request with the Commission asking to be removed from Core's P-5, he still owned Core's stock. Hahn has not shown that the Commission's decision not to remove his name from Core's P-5 was arbitrary, unsupported by substantial evidence, or in violation of any statutes or rules. We overrule Hahn's second issue.

## Conclusion

Having overruled Hahn's two issues on appeal, we affirm the trial court's judgment affirming the Commission's order.

_____

David Puryear,  Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 30, 2009

9